**SKY HARBOR AIR SERVICE, INC., et al., Plaintiffs,**

v.

**The UNITED STATES of America, Defendant.**

**Civ. No. 71-0-207.**

United States District Court, D. Nebraska.

Aug. 31, 1972.

C. L. Robinson, Omaha, Neb., for plaintiffs.

William K. Schaphorst, U. S. Dist. Atty., for defendant.

MEMORANDUM AND ORDER

DENNEY, District Judge.

This matter comes before the Court upon motion of the defendant for partial summary judgment [Filing #15].

This case is brought pursuant to the Federal Tort Claims Act, 28 U.S.C.A. § 1346, and involves an airplane accident of May 20, 1970. The aircraft was owned by plaintiff, Sky Harbor Air Service, Inc. (hereafter Sky Harbor) and on board was an employee of Sky Harbor, Dean Hunt, and defendant's employee, Arthur N. Richardson, a flight inspector. Plaintiffs allege in their complaint that the accident was proximately caused by the negligence of Richardson and that the damages totalled $9,464.65. Sky Harbor was insured by plaintiff, Fireman's Fund Insurance Company (hereafter Fireman's Fund) through plaintiff, Associated Aviation Underwriters (hereafter Associated). The insurance policy provided that the insured would bear the first $2700.00 of

the loss and thus, on October 22, 1970, Fireman's Fund, through Associated, paid to Sky Harbor $6,764.65, via a loan receipt arrangement. Thereafter, on December 17, 1970, there was filed with the Federal Aviation Agency a claim for $9,464.65, the Federal Tort Procedure providing in 28 U.S.C.A. § 2675 that no claim may be sued upon unless it shall be first presented to the appropriate agency and finally denied by that agency. The $9,464.65 claim was denied by letter from the Federal Aviation Administration which was addressed to and received by Mr. J. L. Daugherty, claims manager for Associated, on March 22, 1971. 28 U.S.C.A. § 2401(b) provides that a tort claim must be filed within two years after the claim arose. Here, the claim arose on May 20, 1970, the date of the accident, and on May 31, 1972, eleven days after the statute had apparently run, the defendant, United States of America (hereafter Government) filed its motion for partial summary judgment, which is the subject of this memorandum. The Government contends that the FAA claim was filed only by Sky Harbor and that the law requires that both Fireman's Fund and Associated file claims with the Federal Aviation Administration for the amounts of their subrogation and, since they did not do so, the Government should have partial summary judgment against both Fireman's Fund and Associated. The plaintiffs contend that for ten months between the time of July 23, 1971, when this suit was filed, and May 31, 1972, the defect, if any, could have been easily corrected and that the Government's conduct can be described as "laying in the weeds" until the statute had run. If that be a proper characterization, then the Court is of the opinion that those weeds grow upon quicksand, for that is the analogy the Court would make to the ground upon which the Government's position now stands.

The Government first argues that claims under the Tort Claims Act must be prosecuted by the real party in interest, citing United States v. Aetna Cas. & Surety Co., 338 U.S. 366, 70 S.Ct. 207, 94 L.Ed. 171 [1949]. In that case, the Supreme Court construed Rule 17(a) of the Federal Rules of Civil Procedure regarding prosecution of suits in the name of the real party in interest and Rule 19 regarding joinder of necessary parties. The Court held that where partial subrogation has occurred then both the insurer and the insured are real parties in interest and "although either party may sue, the United States, upon timely motion, may compel their joinder." United States v. Aetna Cas. & Surety Co., supra, at p. 381, 70 S.Ct. at 216. This Court is not persuaded that the *Aetna Cas. & Surety Co.* case is persuasive on the facts of the case at bar. Here, there is no question that this suit is not being prosecuted in the name of all necessary parties, the issue being only whether it was previously properly presented to the FAA. According to Rule 1, the Federal Rules of Civil Procedure govern only the procedure to be used in the Federal district courts. Herein, the solution of the question will depend upon whether the claim was presented in accordance with the manner required under the Federal Tort Claims Act and the regulations therefor.

The applicable statute is 28 U.S.C.A. § 2675, which provides:

(a) An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed, shall, at the option of the claimant any time thereafter, be

deemed a final denial of the claim for purposes of this section. The provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, crossclaim, or counterclaim.

(b) Action under this section shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim.

The applicable regulations are 28 C.F.R. § 14.2(a) and § 14.3.

§ 14.2(a) provides:

(a) For purposes of the provisions of section 2672 of Title 28, United States Code, a claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident. If a claim is presented to the wrong Federal agency, that agency shall transfer it forthwith to the appropriate agency.

§ 14.3(d) provides:

(d) A claim for loss wholly compensated by an insurer with the rights of a subrogee may be presented by the insurer. A claim for loss partially compensated by an insurer with the rights of a subrogee may be presented by the parties individually as their respective interests appear, or *jointly*. (Emphasis added)

■ It is not argued that a Standard Form 95, as required by § 14.2(a) was not filed with the FAA, but instead that the Form 95 was presented entirely in the name of the insured, when it should have been presented in the names of the insured and the insurers. The Form 95 in question is attached as Appendix A. On page 597 of that form is listed the name of the claimant as Sky Harbor and the amount as $9,464.65. On page 598 appears the title Instructions Regarding Insurance Coverage. Under that title, the claimant indicated that it had been insured, the names of the insurance companies and the amount not paid by the insurers. The defendant argues that the completion of that title does not constitute presentment of a claim. The Court finds to the contrary. The regulation § 14.3(d) clearly allows the parties to make a joint claim. The claim was presented for the total dollar amount involved. The stated purpose on the Form of the title on Insurance Coverage was "[i]n order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicles" There was no indication on the form nor, in fact, no evidence before the Court that the manner used was not that properly used to present a joint claim. The FAA certainly never objected and its letter disallowing the claim was based upon the facts of the case and not upon any technical infraction of the regulations for processing the claim. See Appendix B.

■ The Court finds that the plaintiffs have satisfied the requirements of 28 U.S.C.A. § 2675 of first presenting their claim to the FAA. This holding is in accordance with the legislative intent in allowing agency consideration of claims such as this, the legislative intent being that of benefitting the private litigants and courts. The Act was never intended as a trap for the unwary claimant.

It is therefore ordered that defendant's motion for partial summary judgment is overruled.

APPENDIX A

Standard Form 95
Revised February 1963
Bureau of the Budget
Circular A-5 (Rev.)

SUBMIT TO:

## CLAIM FOR DAMAGE OR INJURY
*(Use additional sheets if necessary)*

95-104

Use ink or typewriter.  See reverse side for instructions and additional information required.

| 1. NAME OF CLAIMANT *(Please print full name)* | 2. AGE | 3. MARITAL STATUS | 8. AMOUNT OF CLAIM | |
|---|---|---|---|---|
| Sky Harbor Air Service | | | | |
| 4. ADDRESS OF CLAIMANT *(Street, city, zone, State)* | | | PROPERTY DAMAGE | $ 9,464.65 |
| Eppley Field, Omaha, Nebraska | | | | |
| 5. NAME AND ADDRESS OF SPOUSE, IF ANY | | | PERSONAL INJURY | $ |
| 6. PLACE OF ACCIDENT *(Give city or town and State; if outside city limits, indicate mileage or distance to nearest city or town)* | | | | |
| Eppley Field, Omaha, Nebraska | | | TOTAL | |
| 7. DATE AND DAY OF ACCIDENT | TIME (A.M. or P.M.) | | | $ 9,464.65 |
| May 20, 1970 | 2:50 P.M. | | | |

9. DESCRIPTION OF ACCIDENT—STATE BELOW, IN DETAIL, ALL KNOWN FACTS AND CIRCUMSTANCES ATTENDING THE DAMAGE OR INJURY, INDENTIFYING PERSONS AND PROPERTY INVOLVED AND THE CAUSE THEREOF

Negligent action of FAA examiner precipitated gear-up landing to 1963 Cessna 310, N-1109Q.  Reference NTSB Accident Identification No. MKC70-A-K063.

| 10. | | PROPERTY DAMAGE | |
|---|---|---|---|
| NAME OF OWNER, IF OTHER THAN CLAIMANT | | ADDRESS OF OWNER, IF OTHER THAN CLAIMANT | |
| | | Associated Aviation Underwriters | |
| BRIEFLY DESCRIBE KIND AND LOCATION OF PROPERTY AND NATURE AND EXTENT OF DAMAGE.  SEE INSTRUCTIONS ON REVERSE SIDE FOR METHOD OF SUBSTANTIATING CLAIM | | | |
| Refer to attached Shop Invoice S 3099. | | | |

RECEIVED
DEC 14 1970
RECEIVED
KANSAS CITY BRANCH

| 11. | PERSONAL INJURY |
|---|---|
| STATE NATURE AND EXTENT OF INJURY WHICH FORMS THE BASIS OF THIS CLAIM | |

| 12. | WITNESSES | |
|---|---|---|
| NAMES | | ADDRESSES |
| | | |

CRIMINAL PENALTY FOR PRESENTING FRAUDU-LENT CLAIM OR MAKING FALSE STATEMENTS

Fine of not more than $10,000 or imprisonment for not more than 5 years or both.  (See 62 Stat. 698, 749; 18 U.S.C. 287, 1001.)

CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM

The claimant shall forfeit and pay to the United States the sum of $2,000, plus double the amount of damages sustained by the United States.  (See R.S. §§3490, 5438; 31 U.S.C 231.)

13. I DECLARE UNDER THE PENALTIES OF PERJURY THAT THE AMOUNT OF THIS CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE DESCRIBED.  I AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

SIGNATURE OF CLAIMANT

X

DATE OF CLAIM

NOTE: Signature used above should be used in all future correspondence.

[A6554]

## NOTICE TO CLAIMANT

In order that your claim for damages may receive proper consideration you are requested to supply the information called for on both sides of this form. All material facts should be stated on this form, as it will be the basis of further action upon your claim. The instructions set forth below should be read carefully before the form is prepared.

### INSTRUCTIONS

Claims for damage to or for loss or destruction of property, or for personal injury, must be signed by the owner of the property damaged or lost or the injured person. If, by reason of death, other disability or for reasons deemed satisfactory by the Government, the foregoing requirement cannot be fulfilled, the claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with said claim establishing authority to act.

If claimant intends to file claim for both personal injury and property damage, claim for both must be shown in item 8 on this form. Separate claims for personal injury and property damage are not acceptable.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically reparable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

Any further instructions or information necessary in the preparation of your claim will be furnished, upon request, by the office indicated at the top of the other side of this form.

### INSTRUCTIONS REGARDING INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information garding the insurance coverage of his vehicle:

| YOU CARRY COLLISION INSURANCE? | IF YES, GIVE NAME AND ADDRESS OF INSURANCE COMPANY AND POLICY NUMBER |
|---|---|
| [X] YES    [ ] NO | Fireman's Fund Insurance Company – Policy No. FiL97-756 through Associated Aviation Underwriters |

| 'E YOU FILED CLAIM ON YOUR INSURANCE CARRIER IN THIS INSTANCE, AND IF SO, IS IT FULL COVERAGE OR DEDUCTIBLE? | IF DEDUCTIBLE, STATE AMOUNT |
|---|---|
| Yes | $2,700.00 |

UCH CLAIM HAS BEEN FILED WHAT ACTION HAS YOUR INSURER TAKEN, OR WHAT ACTION DOES IT PROPOSE TO TAKE WITH REFERENCE TO YOUR CLAIM? (It is necessary t you ascertain those facts)

Claim paid less deductible

| OU CARRY PUBLIC LIABILITY AND .RTY DAMAGE COVERAGE? | IF YES, GIVE NAME OF INSURANCE CARRIER |
|---|---|
| [ ] YES    [ ] NO | Fireman's Fund Insurance Company through Associated Aviation Underwriters |

TURE OF CLAIMANT

[signature]

[A6555]

U.S. GOVERNMENT PRINTING OFFICE: 1963—O-653783 #43-C

APPENDIX B

1 5 MAR 1971

CERTIFIED MAIL--RETURN RECEIPT REQUESTED

Mr. J. L. Daugherty
Claims Manager
Associated Aviation Underwriters
127 West Tenth Street
Kansas City, Missouri  64105

Associated Aviation Underwriters

RECEIVED
MAR 22 1971
KANSAS CITY BRANCH

Re:  Claim for Damage or Injury filed on Behalf of Sky Harbor Air
     Service; Aircraft Accident, Eppley Field, Omaha, Nebraska

Dear Mr. Daugherty:

We have completed review of the claim you filed on 17 December 1970
with the Federal Aviation Administration on behalf of Sky Harbor Air
Service.

Our review has not disclosed facts upon which a finding of liability
on the part of this agency could be based.  Accordingly, we must
decline to make payment on the subject claim.

You may, if you are dissatisfied with this determination, initiate
action in an appropriate United States District Court, pursuant to
the provisions of the Federal Tort Claims Act, Title 28 U.S.C.
Sections 1346(b) and 2672 et seq., not later than six months after
the date of mailing of this notification.

Sincerely,

GEORGE U. CARNEAL, JR.
General Counsel

HOME OFFICE CLAIMS DEPARTMENT
#K-220
3/24/71

RECEIPT
Received the numbered article described below.

Deliver ONLY
to addressee

$ 3.00   $ —

RE OF U S MARSHAL OR DEPUTY

SIGNATURE OR NAME OF ADDRESSEE (Must always be filled in)
Department of Justice

SIGNATURE OF ADDRESSEE'S AGENT IF ANY

SHOW WHERE DELIVERED (only if requested)

CV 71-0-207

1. CLERK OF THE COURT