INTERBORO MUTUAL INDEMNITY IN-
SURANCE COMPANY as Subrogee of
Dorothy Zarcadoolos, Plaintiff,

v.

The UNITED STATES of America,
Defendant.

No. 75 C 849.

United States District Court,
E. D. New York.

May 25, 1977.

Seymour L. Morgenroth, Mineola, N. Y.,
for plaintiff.

David G. Trager, U. S. Atty., E. D. N. Y.,
by Prosper K. Parkerton, Asst. U. S. Atty.,
Brooklyn, for defendant.

## MEMORANDUM AND ORDER

PLATT, District Judge.

This is an action under the Federal Tort Claims Act, as amended, 28 U.S.C. §§ 1346(b), 2401(b) and 2671 *et seq.*, for property damage to a car owned by Dorothy Zarcadoolos which collided with a car owned by the United States Coast Guard. The plaintiff, Interboro Mutual Indemnity Insurance Company ("Interboro"), was Mrs. Zarcadoolos' insurance company and on paying her claim was subrogated to her rights.

The plaintiff has moved pursuant to Rule 56 of the Federal Rules of Civil Procedure for summary judgment, and the defendant has cross-moved pursuant to Rules 12(b)(1) and 12(h)(3) to dismiss the complaint for lack of jurisdiction.

## FACTS

On September 12, 1973, a car owned by Dorothy Zarcadoolos and driven by Peter Zarcadoolos collided with a car owned by the Coast Guard. Mr. Zarcadoolos was injured and the car was wrecked.

Mrs. Zarcadoolos reported the accident to her insurance company and on September 25, 1973, she executed a subrogation agreement with Interboro covering her property claim of $3,000. As her policy had a $100 deductible provision, Interboro mailed to her, and on October 4, 1973, she cashed, a check for $2,900.

On November 5, 1973, Mr. and Mrs. Zarcadoolos filed a claim for personal injuries and property damage with the United States. Mrs. Zarcadoolos filed for the property damage apparently without the knowledge or consent of Interboro but named Interboro as her insurance company on her claim form. Furthermore, on that form in response to the question, "If claim has been filed with your carrier, what action has your insurer taken or proposes to take with reference to your claim," Mrs. Zarcadoolos replied that "Insurance carrier has informed they are in process of making up a subrogated claim in accordance with their collision insurance policy."

On December 28, 1973, in a letter to Mrs. Zarcadoolos' attorney the Coast Guard denied both the personal injuries claim and the property damage claim. Interboro was apparently never notified of this denial.

On March 7, 1974, Mr. and Mrs. Zarcadoolos filed a suit for personal injuries and loss of services, but not for property damage. On September 30, 1975, the Zarcadoolos won a verdict on their claims.

On October 4, 1974, Interboro filed a claim for the property damage with the United States. On October 29, 1974, the Coast Guard responded that because they had already denied Mrs. Zarcadoolos' claim for the same property, "we are unable to act upon the claim which you submitted."

On June 2, 1975, Interboro filed the complaint in this action.

## I

Title 28 United States Code Section 2401(b), as amended, states as follows:

"A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented."

That section provides for a double limitation, namely, that a claim must be presented within two years of its accrual, and any suit must be brought within six months of final denial by the agency.

Furthermore, 28 U.S.C. § 2675(a), as amended, provides as follows:

"An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

It is the defendant's position that Mrs. Zarcadoolos filed a claim for the property damage and this filing binds her subrogee, Interboro. As Mrs. Zarcadoolos' claim was denied on December 28, 1973, and this action was brought more than six months after that, this claim is barred by § 2401(b).

It is the plaintiff's position that Mrs. Zarcadoolos had fully subrogated her property claim to Interboro before she filed with the United States for it, and that she filed without the authority of Interboro. Furthermore, Mrs. Zarcadoolos gave the de-

fendant notice that she was not filing for Interboro by stating on the form that the insurance carrier was in the process of making up a subrogated claim. Therefore, the final denial of Mrs. Zarcadoolos' claim does not bind Interboro and since Interboro filed within two years of the accident, it is not barred by § 2401(b). Further, since the Coast Guard's letter of October 29, 1974, was not a final denial under 28 C.F.R. § 14.-9(a) (1976), Interboro properly waited six months and exercised its option under § 2675(a) to deem this a final denial and then filed suit. Finally, Interboro argues that since the Zarcadoolos' personal injury suit arising out of the same accident was found adversely to the defendant, this constitutes a collateral estoppel on the issue of liability, and therefore summary judgment should be granted for the plaintiff in this case.

The key issue, therefore, is whether the Coast Guard's denial of Mrs. Zarcadoolos' claim binds Interboro.

One possible answer to this question, not raised by the parties, is that under the government's own regulation regarding tort claims Mrs. Zarcadoolos was not a proper claimant for the property damage, and so her filing for that claim should have been rejected.

The following regulation is entitled "Administrive claim; who may file." 28 C.F.R. § 14.3 (1976):

"(a) A claim for injury to or loss of property may be presented by the owner of the property, his duly authorized agent or legal representative.

\* \* \* \* \* \*

"(d) A claim for loss wholly compensated by an insurer with the rights of a subrogee may be presented by the insurer. A claim for loss partially compensated by an insurer with the rights of a subrogee may be presented by the parties individually as their respective interests appear, or jointly.

"(e) A claim presented by an agent or legal representative shall be presented in the name of the claimant, be signed by the agent or legal representative, show the title or legal capacity of the person signing, and be accompanied by evidence of his authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian, or other representative."

First, it is clear that Mrs. Zarcadoolos could not file under subsection (d) as that subsection states that if the claim was wholly compensated the insurer may file or if it was only partially compensated as it may have been here because the policy had a $100 deductible provision, then the claim could have been presented jointly. However, Mrs. Zarcadoolos' claim was not a joint claim as the insurance company did not sign it, and in fact she states in the claim that Interboro was preparing a separate claim.

Therefore, Mrs. Zarcadoolos could only have been a proper claimant under subsection (a) which allows claims by the owner of the property. It is not clear that when she filed the claim Mrs. Zarcadoolos was the owner of the wrecked car as Interboro had completely paid for it on October 4, 1973, and in fact sold the car for salvage by at least December 12, 1973. In a similar case the government took this position to bar a claim, *Ozark Air Lines, Inc. v. Delta Air Lines, Inc.*, 63 F.R.D. 69 (N.D.Ill.1974). However, the Court held that where such a reading would bar a claim, it would be inconsistent with the purposes of the Act. Here, such a reading would allow the claim, and as such would be consistent with the purposes of the Act not to bar claims on technical grounds. However, as it is not clear who owned the car at the time of Mrs. Zarcadoolos' claim, we do not rest our decision on this ground.

## II

Assuming Mrs. Zarcadoolos was the proper claimant under the regulation, the next question is whether her filing and the Coast Guard's subsequent denial binds Interboro under 28 U.S.C. § 2401(b).

This exact question has apparently not been raised before, but the reverse question

has been raised, namely, whether an insurance company-subrogee can be included in the insured's claim even though not named in it. In *Executive Jet Aviation, Inc. v. United States,* 507 F.2d 508 (6th Cir. 1974) and *Sky Harbor Air Service v. United States,* 348 F.Supp. 594 (D.Neb.1972), the insured filed a claim without naming the insurance company. When the insured brought suit, the government moved to dismiss on the ground that the real party in interest did not file a claim as required by § 2401(b).

In *Executive Jet* the Court held that the insured's filing did cover the insurance company because the government was not prejudiced and because the "purpose of the [Federal Tort Claims Act] amendments was not to make recovery from the Government technically more difficult." (507 F.2d at 515).

The same result was reached in *Sky Harbor* where the Court held that the insurance company was covered by the insured's filing and said as follows (348 F.Supp. at 596): "This holding is in accordance with the legislative intent in allowing agency consideration of claims such as this, the legislative intent being that of benefitting the private litigants and courts. The Act was never intended as a trap for the unwary claimant." *See also, Ozark Air Lines, Inc. v. Delta Air Lines, supra; Young v. United States,* 372 F.Supp. 736 (S.D.Ga.1974); *Locke v. United States,* 351 F.Supp. 185 (D.Hawaii 1972); *McCarter v. United States,* 373 F.Supp. 1152 (E.D.Tenn.1973); *Little v. United States,* 317 F.Supp. 8 (E.D. Pa.1970); *Rabovsky v. United States,* 265 F.Supp. 587 (D.Conn.1967).

The general tenor of all these cases is that the purpose of the administrative claims amendments of the Federal Tort Claims Act was not to eliminate claims, but rather to give the appropriate agency a chance to consider it prior to litigation. In fact the stated purpose was "to ease court congestion and avoid unnecessary litigation, while making it possible for the Government to expedite the fair settlement of tort claims asserted against the United States."

S.Rep.No. 1327, 89th Cong., 2d Sess. (1966), U.S.Code Cong. & Admin.News, p. 2516. With this purpose in mind we turn to the case at bar.

In our case, the technical trap the plaintiff fell into was just the opposite of the *Executive Jet* and *Sky Harbor* cases because here Interboro is seeking *not* to be included in Mrs. Zarcadoolos' claim and thus not be barred by the six month limitation from the final denial of her claim. The holding of those cases that the insurance company could be included within an insured's claim for purposes of § 2401(b) was clearly based on a desire to avoid technical elimination of claims that would in no way serve the purposes of the amendments. Furthermore, there is the underlying assumption in those cases that the correct procedure would have been for the insurance company to have filed its own claim as actually occurred here. Because of this, we do not think those cases stand for the proposition that the insurance company *must* be included in the insured's claim for purposes of § 2401(b) if such a result would bar the insurance company's claim. Rather, we should look at the facts of this case to see if the purposes of the administrative procedures in the Federal Tort Claims Act would be served by barring Interboro.

First we note that Mrs. Zarcadoolos gave the United States notice on her claim form that her property claim had been subrogated to Interboro, and that Interboro was making up its own claim. This may have been sufficient to negate the earlier part of the form that said she was claiming for the property damage, but even if it was not, at the very least the government should have notified Interboro when it denied a claim that it knew was partially subrogated to the insurance company.

In any case, Interboro has not been dilatory in pursuing its claim. The insurance company filed on its own behalf on October 4, 1974, well within the two year limitation of § 2401(b). Further, the government does not argue that it was in any way prejudiced by what occurred here as it did have a prompt opportunity to consider and reject

the entire claim when Mrs. Zarcadoolos filed it. There is no allegation that the government would have been more likely to settle the claim if Mrs. Zarcadoolos had only filed for her claims and Interboro had filed separately for the property damage. The fact that part of Mrs. Zarcadoolos' claim was subrogated should not in any way affect the consideration of whether to settle the claim or not. *Executive Jet, supra,* at 515.

Therefore, it is difficult to see how the amendments' purpose of expediting fair settlement of tort claims would be served by barring Interboro, and so we hold that the insurance company was not bound by Mrs. Zarcadoolos' claim. Therefore, Interboro's suit was timely under § 2401(b).

We do this with the realization that the holding of this case combined with the holding in the *Executive Jet* and *Sky Harbor* cases leads to the somewhat anomalous result under the circumstances in such cases and here that an insurance company can be included in a subrogor's claim if such inclusion would allow the insurance company's suit, but can be excluded from the subrogor's claim if such exclusion would permit the insurance company's suit. This result is limited by the fact that if the subrogor and the insurance company clearly file a joint claim, then the insurance company will be controlled by any denial of that claim. Further, the result is limited by the fact that in this case the government knew part of the claim was subrogated, but still failed to notify Interboro of the denial of the claim. We do not decide the harder case of whether the insurance company would be barred if they had been sent notice.

However, within these limitations, the result here does allow the insurance company to be included or excluded from the insured's claim, but to the extent such a result does not contravene the purposes of the Federal Tort Claims Act amendments, it should be allowed.

## III

Since Interboro was not barred by Mrs. Zarcadoolos' claim, Interboro's filing of a claim October 4, 1974, was timely under § 2401(b). In addition, since the Coast Guard's letter of October 29 to Interboro was not a final denial under 28 C.F.R. § 14.-9(a) (1976), Interboro properly waited six months under § 2675(a) and filed this suit. There is no dispute as to these conclusions.

## IV

The final issue before the Court is whether Mr. and Mrs. Zarcadoolos' verdict on the merits in their personal injury and loss of services action constitutes a collateral estoppel against the government in Interboro's property damage suit. Since Interboro would probably not have been bound if the government had won in the Zarcadoolos' action, the question is whether the lack of mutuality of estoppel prevents Interboro from using that decision here.

The requirement of mutuality in federal court has been severely limited. *Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation,* 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971); *Zdanok v. Glidden Co., Durkee Famous Foods Division,* 327 F.2d 944 (2d Cir. 1964). *See also, B. R. Dewitt Inc. v. Hall,* 19 N.Y.2d 141, 278 N.Y.S.2d 596, 225 N.E.2d 195 (1967). The general test is whether the party to be bound has had a full and fair opportunity to litigate the issues. Here the government has had such an opportunity, and there are no complicating factors such as occurred in *Divine v. C. I. R.,* 500 F.2d 1041 (2d Cir. 1974). In that case there was the question of whether the different Circuits should be bound by one Circuit's interpretation of the tax code. In this case there are no such overriding policy questions, and so collateral estoppel is appropriate.

Therefore, the plaintiff's motion for summary judgment should be, and the same hereby is, granted as to liability. If the government wishes to contest the issue of damages, a hearing will be granted to determine the fair value of the wrecked car.

SO ORDERED.