**Stevan SEVERTSON, et al.**

v.

**UNITED STATES of America.**

**Civ. A. No. 91–0127.**

United States District Court,
E.D. Louisiana.

Oct. 29, 1992.

**98**

Don M. Richard, Denechaud & Denechaud, New Orleans, La., for Stevan C. and Deborah L. Severtson.

Eneid A. Francis, U.S. Attorney's Office, New Orleans, La., for U.S.

Michael Hartmann Hogg, Edward Eric Reynolds, Perlis & Hogg, Metairie, La., for Archie Augustus, Old Hickory Cas. Ins. Co. and Louisiana Ins. Guar.

Paul Stephen Fiasconaro, Fiasconaro & Fiasconaro, New Orleans, La., for Louisiana Health Service & Indem. Co. (Blue Cross/Blue Shield of Louisiana), and Blue Cross and Blue Shield of the Nat. Capital Area.

MEMORANDUM AND ORDER

SEAR, Chief Judge.

This cause of action arises out of an accident suffered by Jeremy Severtson, the minor son of the plaintiffs. Severtson was severely injured in 1989 when he was struck by an automobile while he was riding his bicycle. Plaintiffs allege that the accident was caused by a vehicle owned by the United States which was illegally parked and obstructed the vision of both Severtson and the driver of the automobile. Before initiating this lawsuit, plaintiffs filed an administrative claim against the government as required by the Federal Tort Claims Act (FTCA). This administrative claim was denied by the Department of Treasury on November 8, 1990. *See* Plaintiff's Complaint ¶ VIII. Plaintiffs then filed a complaint in this court on January 9, 1991 to recover for damages allegedly suffered by their son in the 1989 accident.

Blue Cross and Blue Shield of the National Capital Area (National Capital) filed a motion to intervene in this proceeding. In its complaint, National Capital claims that it is subrogated to the interest of Severtson to the extent of Severtson's medical expenses which were paid by National Capital pursuant to an insurance policy provision. National Capital therefore claims that it is entitled to priority reimbursement from any proceeds that plaintiffs may recover for any of the medical expenses intervenor has paid. The defendant government has filed this motion to dismiss the complaint of intervenor National Capital for lack of jurisdiction over the subject matter.

DISCUSSION

The FTCA, 28 U.S.C. § 2671 *et seq.*, is a limited waiver of the federal government's sovereign immunity from tort suits. *See United States v. Orleans*, 425 U.S. 807, 813, 96 S.Ct. 1971, 1975, 48 L.Ed.2d 390 (1976). Tort claims against the United States are forever barred unless they are (1) first presented in writing to the appropriate federal agency within two years of accrual of the cause of action, and then (2) brought in court within six months following denial by the agency. *See* 28 U.S.C. § 2401(b). Compliance with these provisions is jurisdictional, and federal courts are deprived of subject matter jurisdiction if both of these requirements are not satisfied. *See Bush v. United States*, 823 F.2d 909, 911 (5th Cir.1987). The purpose of the § 2401(b) limitation period is to encourage settlement of claims, ensure that claims will still be fresh when presented, and prevent undue delays by claimants. *See Cummings v. United States*, 704 F.2d

437 (9th Cir.1983); Letter of the Attorney General (Mar. 10, 1966), *reprinted in* 1966 U.S.C.C.A.N. 2515, 2524, 2525.

National Capital filed an administrative claim for its medical expenses, which was denied on December 26, 1991. *See* Complaint of Intervenor, ¶ 4. However, in its motion to dismiss, the government alleges that this administrative claim fails to satisfy the two-year limitation requirement of § 2401(b). Noting that the rights of an insurer/subrogee are limited to only those rights of the insured/subrogor, the government claims that National Capital as subrogee to Severtson is restricted to pursuing only those rights that could be claimed by Severtson. Because National Capital failed to commence an action against the government by filing the administrative claim within two years of the act which allegedly caused Severtson's injury, the government claims that National Capital is now barred from any action against the government. The only case cited by the government to support its claim is *Great American Ins. Co. v. United States*, 575 F.2d 1031 (2d Cir.1978). In that case the plaintiff Great American, an insurance company, received a claim for reimbursement from one of its insureds for damage allegedly caused by government agents. After more than three and one half years following this claim, the insurer brought an action in federal court against the United States as subrogee to its insured to recover for the amount it had paid under the policy. *See id.* at 1033. The court dismissed the action because it was commenced after the two-year limitation period for tort claims against the United States set by § 2401(b).

National Capital asserts two reasons why it should not be held to a two-year limitation period beginning with Severtson's 1989 accident. First, National Capital claims that it was not aware of Severtson's 1989 accident until January of 1990, and that it filed an administrative claim well within two years of that date. Second, National Capital maintains that the plaintiffs brought a proper administrative claim under the FTCA within two years of Severtson's alleged accident, and that this administrative claim included a demand for medical expenses. Thus, National Capital claims that plaintiffs' administrative claim should be deemed to have included the intervenor's current claims for medical expenses. Both of these contentions distinguish this case from *Great American* and serve to protect National Capital from dismissal.

## A. *The Intervenor's Lack of Knowledge of Severtson's Accident:*

The determination of when a cause of action accrues for purposes of § 2401(b)'s limitation period is a matter of federal law. *See Mendiola v. United States*, 401 F.2d 695, 697 (5th Cir.1968); *Quinton v. United States*, 304 F.2d 234, 239 (5th Cir.1962). The plea of limitations for failure to satisfy § 2401(b) is a "meritorious defense, in itself serving a public interest" of prompt presentation of claims. *Guaranty Trust Co. v. United States*, 304 U.S. 126, 136, 58 S.Ct. 785, 790–91, 82 L.Ed. 1224 (1938).

The period from which a cause of action "accrues" for purposes of applying the § 2401(b) two-year limitation is currently unclear. Accrual from the time that the plaintiff *discovers* the injury, or in the exercise of reasonable diligence would have discovered it, is a well-settled rule in medical malpractice cases brought under the FTCA. *See United States v. Kubrick*, 444 U.S. 111, 120–22, 100 S.Ct. 352, 358–59, 62 L.Ed.2d 259 (1979); *Quinton v. United States*, 304 F.2d 234, 239 (5th Cir.1962). While the "diligence-discovery" rule of accrual is not always applied outside the medical malpractice area, *see Steele v. United States*, 599 F.2d 823, 828 (7th Cir.1979), it seems the proper rule for plaintiffs who are blamelessly ignorant of the existence or cause of their injury, *see Stoleson v. United States*, 629 F.2d 1265, 1269 (7th Cir.1980). As stated by the Seventh Circuit in *Stoleson:*

> it is the nature of the problems faced by a plaintiff in discovering his injury and its cause, and not the occupation of the defendant, that governs the applicability of the discovery rule. That a claim may

or may not arise from a physician's malpractice is purely incidental. We see no reason to ameliorate the harsh consequences of the statute of limitations in one category of cases to the exclusion of all others. *Id.* at 1269.[1] *See also Manko v. United States,* 830 F.2d 831 (8th Cir.1987) (interpreting *Kubrick* as stating that a claim accrues in all cases from the date when a plaintiff knows or reasonably should know that he has been injured and what the cause of his injury is). This interpretation of § 2401(b) is also consistent with the application of statutes of limitation in other areas of federal law. For example, the limitation period for claims of securities fraud brought under § 10(b) or Rule 10b–5 actions does not begin to run until the plaintiff discovers, or in the exercise or due diligence would have discovered, the violation. *See Davis v. A.G. Edwards & Sons, Inc.* 823 F.2d 105, 107 (5th Cir.1987).

In *In re Franklin Nat'l Bank Securities Litigation v. Ernst & Ernst,* 449 F.Supp. 574 (EDNY1978), the district court was presented with facts similar to the ones in this case. The government sought to dismiss the claims of subrogee insurance companies for failing to comply with § 2401(b)'s limitation period. The motion to dismiss was based upon the insurance companies' failure to act under the FTCA within two years from the time the insured bank was injured. The court held that the § 2401(b) two-year period would not begin to run until the *insurance companies,* not the insureds, knew or should have known "in the exercise of reasonable diligence" of

the government's potential liability. *Id.* at 575. The court refused to dismiss the case because it lacked sufficient evidence to charge the companies with this knowledge.

■ In this case, intervenor National Capital filed an administrative claim on December 17, 1991. *See* Complaint in Intervention. National Capital believes that this filing served as timely compliance with § 2401(b)'s two-year limitation provision. This argument is persuasive. National Capital claims it had no way of discovering Severtson's accident and its own resulting liability for related medical expenses until January of 1990, and that it then filed an administrative claim within two years of this date.[2] Although the government has raised § 2401(b)'s limitation period as an affirmative defense, it has provided no evidence proving that National Capital was aware of Severtson's injury at the time of the 1989 accident. Following *Stoleson's* rationale and the fact that National Capital claims it lacked any means of apprising itself of its damages until January of 1990, National Capital's cause of action did not accrue until this date and its administrative claim was timely under § 2401(b). This situation differs markedly from *Great American,* where the subrogee/insurer was aware of the insured's injury close to the time that it occurred, but failed to act under the FTCA for over three years.

B. *Including Intervenor National Capital within Plaintiffs' Administrative Claim:*

■ The stated purpose of § 2401 is "to ease court congestion and avoid unneces-

---

1. This more general rule is consistent with the rationale underlying the Fifth Circuit's *Quinton* decision in the medical malpractice area. In that case, the Fifth Circuit stated that the "beneficent" purpose of the FTCA would be frustrated if the claim would accrue for purposes of the § 2401(b) limitation before the plaintiff was ever aware of it. *Accord, Kossick v. United States,* 330 F.2d 933 (2d Cir.), *cert. denied,* 379 U.S. 837, 85 S.Ct. 73, 13 L.Ed.2d 44 (1964).

2. It seems that when Severtson's accident initially occurred the plaintiffs made claims against Blue Cross/Blue Shield through its Gretna branch, where plaintiffs were residing at the time. Plaintiffs subsequently moved to Washington D.C. in January of 1990 and began making claims with Blue Cross/Blue Shield in

Washington D.C., the "National Capitol" division of the insurance company which is the intervenor in this suit. This case presents the possibility of some issues of fact concerning the individual responsibility that each branch of Blue Cross bears for its own operations. If each branch is not independent financially and functionally, then the government may later try to argue that National Capitol should be charged with the Gretna Blue Cross branch's knowledge of Severtson's injury, which knowledge probably can be traced back to Severtson's 1989 accident when the plaintiffs first began making claims for Severtson's medical expenses. However, the government has not yet made any showing of National Capitol's knowledge.

sary litigation, while making it possible for the Government to expedite the fair settlement of tort claims asserted against the United States." S.Rep. No. 1327, 89th Cong., 2d Sess. (1966), *reprinted in* 1966 U.S.C.C.A.N. 2516. Thus, this requirement was not created to eliminate claims or "act as a trap for the unwary claimant," *Sky Harbor Air Service v. United States,* 348 F.Supp. 594 (D.Neb.1972), but rather to give the appropriate agency a chance to consider the claims by establishing a system of prelitigation settlement. *See Group Health, Inc. v. United States,* 662 F.Supp. 753 (SDNY1987); *Interboro Mutual Indemnity Ins. Co. v. United States,* 431 F.Supp. 1243, 1246 (EDNY1977).

In *Interboro Mutual Indemnity Ins. Co.* the district court considered whether an insurance company/subrogee can be included in the insured's administrative claim even though not named in it. The court concluded that this inclusion is proper. If the original administrative claim filed by the insured was brought for the full amount of the insurer's claim, then allowing the insured's claim to satisfy § 2401(b) on behalf of the insurer would not prejudice the government. *See also Executive Jet Aviation, Inc. v. United States,* 507 F.2d 508 (6th Cir.1974) (insured's filing of administrative claim under § 2401(b) also satisfied this requirement on behalf of the insurer); *Sky Harbor Air Service v. United States,* 348 F.Supp. 594 (D.Neb.1972) (same).

The Ninth Circuit has followed the above reasoning. In *Cummings v. United States,* 704 F.2d 437 (9th Cir.1983), the court considered an FTCA action for damages brought by an insured against the government in which the insurer had filed a complaint in intervention. The government moved to dismiss the intervenor for failure to satisfy § 2401(b)'s limitation period. The court stated that the insurer as subrogee was the "real party in interest" to the extent of the subrogation. The court reasoned that the complaint in intervention had the same effect as substitution of the insurer as the real party in interest under Fed.R.Civ.P. 17(a), which relates back to the filing of the original complaint under Fed.R.Civ.P. 15(c). The Ninth Circuit stated that the outcome under this analysis is consistent with the holdings of other courts which have considered the insurer/subrogee problem under the FTCA. *See Wadsworth v. United States Postal Serv.,* 511 F.2d 64 (7th Cir.1975) (amended complaint to substitute insurer as proper plaintiff related back to the filing of the original complaint by insured); *Executive Jet Aviation,* 507 F.2d 508.

■ The foregoing analyses achieve the correct and just result. As long as the government was appraised of the claim for medical expenses by the plaintiffs (the insureds) in their original administrative claim to the government, and this claim has not been enlarged or changed by National Capital (the insurer) in its present complaint, the government was given an adequate opportunity to settle the claim. This finding seems particularly appropriate in the present case, in light of National Capital's lack of notice of Severtson's injury at the time of his accident.

Accordingly,

Defendant United States of America's Motion to Dismiss is hereby DENIED.