Evelyn and Gary Roy BRANDIN, Plaintiffs,

v.

BRAMMER CONSTRUCTION, Moore Stansbury & Vaught, City of Port Neches, U.S. Postal Service, and General Services Administration, Defendants.

Civ.A. No. 1:01–CV–800.

United States District Court, E.D. Texas, Beaumont Division.

July 15, 2002.

Edward B. Chatelain, Nederland, TX, for plaintiff.

Thomas W. Duesler, Harris Lively & Duesler, Beaumont, TX, for Brammer Construction.

William K. Luyties, Lorange & Thompson, Houston, TX, for Moore Stansbury & Vaught.

Frank D. Calvert, Benckenstein & Oxford, Beaumont, TX, for City of Port Neches.

Wesley Dean Rivers, Asst. U.S. Attorney, Tyler, TX, Andrea H. Parker, Asst. U.S. Attorney, Beaumont, TX, for Government.

## MEMORANDUM OPINION

COBB, District Judge.

Before the court is Defendant United States of America's Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(1) and (6) [Dkt. # 3], and the court having reviewed the motion is of the opinion that the motion be GRANTED for the reasons stated below.

Evelyn Brandin and Gary Roy Brandin (the "Brandins"), the plaintiffs, filed suit in a Texas state court on July 16, 2001 against Brammer Construction; Moore, Stansbury, & Vaught; the City of Port Neches, TX; the U.S. Postal Service; and the General Services Administration. The Brandins alleged in their complaint that Mrs. Brandin slipped and fell near a curbed area at 1324 Port Neches Ave, Port Neches, TX. The Port Neches branch of the U.S. Post Office is located at this address. The Brandins claim that negligence on the part of one or more of the defendants caused her injury. Mr. Brandin has brought a claim for loss of consortium.

On November 16, 2001, the United States filed a Notice of and Petition for Removal. On November 26, 2001, the United States filed a Motion to Substitute the United States of America as a defendant instead of the U.S. Postal Service and the General Services Administration pursuant to the Federal Tort Claims Act. Also on November 26, 2001, the United States filed the Motion to Dismiss that is the subject of this memorandum. On November 27, 2001, the court granted the United State's Motion to Substitute.

Over the course of the last eight months, the court granted seven motions to extend the plaintiffs' deadline for responding to the United States's motion to dismiss. The last order of this kind, signed on May 29, 2002, extended the deadline to June 28, 2002 and stated that no further extensions would be granted. It is now more than two weeks after the June 28 deadline and the plaintiffs have yet to file a response to the United States's Motion to Dismiss. The plaintiffs have had sufficient time to respond to the United States's motion and have failed to do so; the court need not wait any longer before ruling.

While the United State's filed a Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(1) and (6), the government attached evidence outside the scope of the plaintiffs' complaint, which this court has considered in reaching its holding in this case. The court, thus, treats the United States's motion as one for partial summary judgment as set forth in Rule 12(b). Although the plaintiffs have not responded to the government's motion, the plaintiffs have had almost eight months to do so, which this court deems as a sufficient opportunity to respond. Fed.R.Civ.P. 12(b).

A tort claim against the United States is barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues. 28 U.S.C. § 2401(b). This limitation period for asserting tort claims against the United States is jurisdictional, and federal courts are deprived of subject matter jurisdiction if the requirement is not satisfied. *Houston v. U.S. Postal Service*, 823 F.2d 896, 902–03 (5th Cir.1987); *Severtson v. U.S.*, 806 F.Supp. 97, 98 (E.D.La.1992). The purpose of section 2401(b) is to encourage prompt presentation of claims to the government. *U.S. v. Kubrick*, 444 U.S. 111, 117, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979).

In this case, the Brandins assert that they have complied with all conditions precedent to maintaining an action against the defendants. *Plaintiffs' Amended Petition* at ¶ 4.03. Attached to the United States's Motion to Dismiss is an administrative claim to the U.S. Postal Service and a cover letter to the claim from the Brandins' attorney, which states: "Enclosed is a claim for injury regarding the above referenced matter." The above referenced matter being the state court proceeding that was removed to this court and constitutes the present action. While the administrative claim is undated, the cover letter is dated November 9, 2001. Both the plaintiffs' complaint and the administrative claim state that the incident giving rise to the Brandins' claims occurred on August 18, 1999. Thus, it appears that the plaintiffs failed to present the appropriate Federal agency with a claim in writing within two years of Mrs. Brandin's alleged slip and fall, and as such, section 2401(b) bars the Brandins' claims against the United States. The government filed this motion almost eight months ago, and the plaintiffs have failed to come forward with any evidence that would raise a genuine issue of material fact regarding this issue.

Accordingly, the court dismisses the Brandins' claims against the United States.

Because the court finds the Brandins' claims against the United States should be dismissed, the court is left with only claims over which it does not have original jurisdiction. As the general rule in the Fifth Circuit is to remand cases when all federal claims in a removed case are disposed of prior to trial, *McClelland v. Gronwaldt*, 155 F.3d 507, 520 (5th Cir. 1998), the court, pursuant to 28 U.S.C. § 1367(c), remands the remainder of the Brandins' case back to state court. It is, therefore,

ORDERED, that the United States's Motion to Dismiss [Dkt. # 3] is hereby GRANTED and the Brandins' claims against the United States are DISMISSED WITHOUT PREJUDICE. It is further,

ORDERED, that the remainder of the Brandins' claims against the other defendants are remanded back to the state court from whence they came.