Coy ALLEN and Esther Allen,
Plaintiffs-Appellants,

v.

UNITED STATES of America,
Defendant-Appellee.

No. 75–1220.

United States Court of Appeals,
Sixth Circuit.

June 9, 1975.

William J. Hamann, Canton, Ohio, for plaintiffs-appellants.

Frederick M. Coleman, Fred J. Guzzo, U. S. Atty., Cleveland, Ohio, Irving Jaffe, Morton Hollander, Karen K. Siegel, Civ. Div., Appellate Section, Dept. of Justice, William Kanter, Larry R. O'Neal, Washington, D. C., for defendant-appellee.

Before MILLER and ENGEL, Circuit Judges and O'SULLIVAN, Senior Circuit Judge.

PER CURIAM.

On April 18, 1969, plaintiff Coy Allen was driving near Louisville, Ohio when his car collided with a vehicle driven by a United States Postal Service employee. Allen suffered personal injuries as well as injury to his car from the accident. On April 15, 1971, Allen filed Standard Form 95, the official form for presenting a claim under the Federal Tort Claims Act, with the Post Office Department in Canton, Ohio. The form listed property damages as $296.13, and the spaces for "personal injury" and "total" were left blank. Attached to the claim was a statement which itemized the personal property and expenses which made up the $296.13. In addition, Allen stated therein: "Due to the time limits involved here, we are unable to get clearance from the doctors involved to get the entire claim filed properly."

While Allen's April 15, 1971 "claim" was still pending, he submitted a second Standard Form 95 on July 23, 1973, again listing property damages of $296.13, personal injury of $10,000, and a total of $10,296.13. On November 19,

1973, the Postal Service denied plaintiff's claim because of untimely filing.

On January 9, 1974, Allen and his wife filed this suit in the district court under 28 U.S.C. § 1346(b), Coy Allen claiming damages for the personal injuries he suffered in the accident and Esther Allen claiming damages for the loss of consortium, companionship and support resulting from the injuries her husband suffered.[1] On motion of the government, the district court ruled it had no jurisdiction to hear the claims of the plaintiffs because the plaintiffs had failed to comply with the jurisdictional prerequisites contained in 28 U.S.C. § 2675(a). We affirm.

28 U.S.C. § 2401(b)[2] provides that a tort claim against the United States is barred unless it is presented to the appropriate federal agency within two years after such claim accrues or unless an action is begun within six months after an agency has denied the claim presented. 28 U.S.C. § 2675(a)[3] deprives the federal courts of jurisdiction over any such cause of action unless the claim has been properly presented to the appropriate federal agency and denied by that agency. The failure by the agency to act within six months on the claim is deemed equivalent to a denial.

The Department of Justice has promulgated regulations prescribing the manner of presenting an administrative claim under the Federal Tort Claims Act. 28 C.F.R. 14.2(a)[4] provides that a claim is deemed to be presented when an executed Standard Form 95 is received accompanied by a claim for money damages in a sum certain. This court has held that 28 C.F.R. 14.2(a) is a valid regulation. *Ianni* v. *United States,* 457 F.2d 804 (6th Cir. 1972), see also *Caton* v. *United States,* 495 F.2d 635 (9th Cir. 1974).

The district court held that it lacked jurisdiction over the cause of action because Coy Allen had failed to submit a proper administrative claim to the Postal Service as required by 28 U.S.C. § 2401(b). With regard to the Standard Form 95 submitted on April 15, 1971, within the two year period, the court ruled that this did not qualify as a "claim" because it failed to state a sum certain demanded as damages.

We agree with the district court that the Standard Form 95 submitted on April 15, 1971 by Allen cannot be con-

---

1. We note that no Standard Form 95 or other administrative claim was filed by Mrs. Allen before this suit was filed.

2. 28 U.S.C. § 2401(b) provides:

   (b) A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

3. 28 U.S.C. § 2675(a) provides:

   (a) An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. The provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim.

4. 28 C.F.R. 14.2(a) provides:

   (a) For purposes of the provisions of section 2672 of Title 28, United States Code, a claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident. If a claim is presented to the wrong Federal agency, that agency shall transfer it forthwith to the appropriate agency.

sidered a valid claim because of plaintiff's failure to state a demand for a sum certain on the form. While a specific sum for property damage was stated on the form, we note that the complaint filed in district court did not set forth a claim for recovery of property damage which occurred in connection with the accident. Only a claim based upon Mr. Allen's personal injuries and his wife's claim for loss of consortium were made. Since no timely administrative claim was ever made with regard to these items of damages, the district court correctly held it lacked jurisdiction over the claims.

Accordingly, the judgment of the district court is affirmed.