Joseph SCHAEFER and Mildred Schaefer, Plaintiffs,

v.

Carla HILLS, Secretary, Department of Housing and Urban Development, et al., Defendants.

No. C–1–76–9.

United States District Court, S. D. Ohio, W. D.

June 8, 1976.

Fredric F. Tilton, Latimer & Swing Co., LPA, Cincinnati, Ohio, for plaintiffs.

Milton M. Bloom, Anthony W. Nyktas, Asst. U. S. Atty., Cincinnati, Ohio, Jonathan M. Hoffman, U. S. Department of Justice, Torts, Sec. Civil Div., Washington, D. C., for defendants.

## ORDER DISMISSING ACTION

HOGAN, Chief Judge.

The present action is a claim for damages resulting from plaintiff Mildred Schaefer's fall on an icy walkway of an apartment building owned by the defendants. The action names the United States of America as a defendant and is brought under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.* The Act establishes a procedure for the adjudication of tort claims against the United States. Under the Act, before an aggrieved person can bring his claim in a district court, he must first submit it to the federal administrative agency allegedly responsible for the tort (in this case, the Department of Housing and Urban Development) for adjudication. If the federal agency denies the claim or fails to finally dispose of it within six months, then and only then can the claimant sue in federal court. 28 U.S.C. § 2675(a).

Defendants have moved to dismiss plaintiffs' complaint on the ground that this Court lacks subject matter jurisdiction over the action because plaintiffs failed to exhaust their administrative remedies as provided in the Act. Plaintiffs reply that they notified HUD of their claim by letter on February 22, 1974 and subsequently mailed or presented certain medical bills to the department. On January 6, 1976, plaintiffs' attorney filed a completed standard form 95 with the F.H.A. insuring office of HUD. Said completed form listed the amount of plaintiffs' claim as $87,040.28. The complaint in the present action was filed January 9, 1976 and seeks damages of $86,000.00.

The regulations implementing the Act provide the following requirements:

> A claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or representative, an executed Standard Form 95 or other written notification of an incident accompanied by a claim for money damages in a sum certain . . . . 28 C.F.R. § 14.2(a) (1972).

This Court has no trouble with finding that plaintiffs' February 22, 1974 letter constituted "written notification." However, plaintiffs' letter contained no claim for any specific sum of money damages. Nor is this Court prepared to say that the medical bills which later trickled into the F.H.A.'s offices satisfied the "sum certain" requirement or put the agency on notice of the amount of damages plaintiffs were claiming.

 The administrative claim procedure prescribed in 28 U.S.C. § 2675 is jurisdictional. No suit may be maintained under the Act in the absence of compliance with the provisions of section 2675. *Executive Jet Aviation, Inc. v. United States*, 507 F.2d 508, 514–15 (6th Cir. 1974). "Claim" as used in section 2675 means a "claim for a sum certain," and when no sum certain is set forth before the agency, an action must be dismissed for failure to exhaust administrative remedies. *Melo v. United States*, 505 F.2d 1026, 1029 (8th Cir. 1974); *Caton v. United States*, 495 F.2d 635 (9th Cir. 1974);

*Avril v. United States*, 461 F.2d 1090, 1091 (9th Cir. 1972).

 This Court finds that plaintiffs' claim was not filed until January 6, 1976 when the completed form 95, stating a claim for $87,040.28, was presented to the agency. As the present action was filed a mere three days later and in the absence of an explicit rejection of plaintiffs' claim by the agency, this Court has no jurisdiction over this action and it is dismissed. 28 U.S.C. § 2675(a) (agency has at least six months to dispose of a claimant's claim).

The dismissal of this action is without prejudice and plaintiffs may re-file their action after they have exhausted their administrative remedies. In that regard, plaintiffs' attention is directed to the six month time limitation for filing an action after an agency's denial of a claim found in 28 U.S.C. § 2401(b).