Mildred APOLLO, Administratrix for the Estate of Stanley Apollo, Deceased and Mildred Apollo, Individually, Plaintiff,

v.

The UNITED STATES of America, Defendant.

Civ. No. 77–947.

United States District Court, M. D. Pennsylvania.

April 20, 1978.

A. Stephen Cohen, Sunbury, Pa., for plaintiff.

Joseph F. Cimini, Asst. U. S. Atty., Scranton, Pa., for defendant.

MEMORANDUM

NEALON, Chief Judge.

This is a proceeding under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.* Plaintiff has filed this action both in her own right and on behalf of the estate of her deceased husband, alleging that his death was due to the negligence of medical personnel at the Veterans Administration (VA) Hospital in Wilkes-Barre, Pennsylvania. According to the allegations of the complaint, plaintiff's decedent committed suicide while on a weekend pass negligently issued by the hospital's psychiatric staff. Defendant, by the Assistant United States Attorney, has filed a motion to dismiss, and, after the filing of briefs, the matter became ripe for adjudication on February 21, 1978. Presently before the court is the question of whether the requisite administrative claim was presented in a proper and timely manner. *See* 28 U.S.C.A. § 2675(a) (Supp. 1977).[1] *See also* 28 U.S.C.A. § 2401(b) (1978) (two-year statute of limitations).

Plaintiff's husband committed suicide on September 7, 1974, while on a weekend furlough from the VA hospital. It is undisputed that, by letter received exactly two years later, on September 7, 1976, plaintiff by her attorney submitted a claim for damages "in excess" of $10,000 as a result of the alleged negligence of Veterans Administration medical personnel; the notice also contained factual details concerning the

---

1. Section 2675(a) provides that "(a)n action shall not be instituted upon a claim against the United States" under the Tort Claims Act "un- less the claimant shall have first presented the claim to the appropriate Federal agency . . .."

claim. By letters dated September 27, 1976, and November 11, 1976, the Office of District Counsel for the Veterans Administration informed plaintiff's counsel of the failure to comply with regulations requiring that the claim before the administrative agency include a "sum certain," i.e. claim for damages in a definite amount.[2] Unlike other reported cases, discussed infra, in which claimants failed to rectify a defect in their claims, plaintiff's counsel submitted an amended notice, received November 29, 1976, claiming $250,000 for personal injuries and the death of plaintiff's decedent and for the mental distress and anguish of plaintiff.[3] However, by letter dated May 17, 1977, District Counsel for the VA denied plaintiff's tort claim without reaching its merits:[4]

> This tort claim, which was composed of two letters of "Notice" received by the Veterans Administration on September 7, 1976, and November 29, 1976, respectively, is clearly deniable as having been brought after the running of the applicable statute of limitations.

The action was brought in this court within the six months allowed by law. *See* 28 U.S.C.A. 2401(b).

Defendant argues that plaintiff's cause of action accrued on September 7, 1974, and that the failure to file a document that included a sum certain for her claim before the expiration of the two-year statute of limitations bars the action here because of lack of jurisdiction. Plaintiff contends that her cause of action did not accrue until six months after her husband's death when, on March 20, 1975, plaintiff received medical records from the VA hospital and became aware of the causal connection between the actions taken by medical personnel and decedent's suicide.[5] The more basic question, however, is whether, assuming her cause of action accrued on September 7, 1974, the amended notice plaintiff filed November 29 cured whatever defect existed in the original notice and, in a manner of speaking, "related back" to September 7, 1976, the day the claim was first presented.[6]

■ The statutory requirement that a claim be filed within two years of the time that a cause of action accrues is, all agree, jurisdictional in nature, and cannot be waived. *Pennsylvania v. National Ass'n of Flood Insurers,* 520 F.2d 11, 23–24 (3d Cir. 1975). The requirements of the statute should, however, be carefully distinguished from those of the regulations.

■ Since the policy behind the rule of resort to the appropriate administrative agency is to give the agency a chance to consider the claim and to settle the claim without litigation, *cf. Interboro Mut. Indem. Ins. Co. v. United States,* 431 F.Supp. 1243, 1246 (E.D.N.Y.1977), it should not be necessary to have submitted a claim that is

---

**2.** Although not cited by the VA in its letter to plaintiff, 28 C.F.R. § 14.2 states that a claim is deemed presented when a standard form or other written notification of an incident is submitted "accompanied by a claim for money damages in a sum certain. . . ."

**3.** Also, on December 10, 1976, a Form 95 was submitted by plaintiff. This submission is not crucial since a claim need only be written and need not be filed on the standard form. *See* 28 C.F.R. § 14.2.

**4.** Plaintiff was granted death benefits by the VA Board of Veterans Appeals by decision dated June 23, 1976, the Board having concluded that the death of plaintiff's decedent "proximately resulted through fault on the part of the Veterans Administration."

**5.** The decision in *Tyminsky v. United States,* 481 F.2d 257 (3d Cir. 1973), adopts the rule that the statute of limitations for federal tort claims in malpractice cases does not begin to run until a claimant has discovered, or in the exercise of reasonable diligence should have discovered, the existence of the acts of malpractice claimed. Defendant disputes the date of March 20, 1975, contending that a letter plaintiff wrote on September 21, 1974, two weeks after her husband's death, establishes that she was fully aware of the "substance of her claim." My disposition of the motion makes unnecessary resolution of the difficult evidentiary problems presented by these contentions.

**6.** September 7, 1976, is a date within a two-year limitations period of September 7, 1974. *See* Fed.R.Civ.P. 6(a); *Yuri Yajima v. United States,* 6 F.R.D. 260, 261 (E.D.N.Y.1946); 4 C. Wright & A. Miller, Federal Practice and Procedure, *Civil* § 1163 (1969).

technically perfect and in conformity with all the associated regulations so long as defects are corrected and so long as the claim as considered contains the essential elements necessary to permit settlement. Many of the courts that have reached the question have held that a technical defect in a claim arising from nonadherence to a regulation does not divest a court of jurisdiction to consider an unsettled tort claim. *See, e. g., Hunter v. United States,* 417 F.Supp. 272, 274–75 (N.D.Cal.1976); *Locke v. United States,* 351 F.Supp. 185, 187–88 (D.Hawaii 1972).[7] Courts have properly found complaints to be jurisdictionally barred when an administrative claim was not made within two years, and have properly faulted tort claimants who have failed to correct technical defects in their claims when given the opportunity to do so. *See, e. g., Bialowas v. United States,* 443 F.2d 1047 (3d Cir. 1971); *Kornbluth v. Savannah,* 398 F.Supp. 1266 (E.D.N.Y.1975); *Hlavac v. United States,* 356 F.Supp. 1274 (N.D.Ill. 1972); *Robinson v. United States Navy,* 342 F.Supp. 381 (E.D.Pa.1972). The technical defect in the administrative claim as first presented by plaintiff was the failure to include a sum certain in the claim.[8] However, plaintiff's claim was first presented within the two years,[9] and plaintiff made a prompt correction of the technical omission when the amended notice was filed about

10 weeks later. Consequently, the District Counsel for the VA had ample opportunity during the next five and one-half months for consideration of plaintiff's technically complete claim.[10] *See Hunter,* 417 F.Supp. at 272; *Little v. United States,* 317 F.Supp. 8 (E.D.Pa.1970). Since plaintiff filed the claim within the applicable two-year period and corrected the technical defect so that the claim included a sum certain, defendant's jurisdictional contention must be rejected.[11]

The result in this case would be a familiar one in practice under the Rules of Civil Procedure. While the court is not suggesting that federal agencies adopt in toto the federal rules when dealing with tort claims against the United States, the doctrine of relation black of amendments is one with which all lawyers have familiarity. It is curious that District Counsel for the VA would first solicit correction of the technical defect involved here, a process that would seem likely to meet with approval,[12] consider the claim as consisting of both the notice and amended notice subsequently presented, keep the claim under consideration for an appropriate period of time, and then deny the claim in a brief statement on the ground that the amendment was untimely. District Counsel's first reaction is more in keeping with the practice in the courts under Rule 15(c) of the Federal

7. Both the *Hunter* and *Locke* cases dealt with failure to adhere to the requirements of 28 C.F.R. § 14.3(e). It is the requirements of § 14.2 that are in issue here. *See* note 2 and accompanying text *supra.*

8. *See* note 2 and accompanying text *supra.*

9. *See* note 6 *supra.*

10. The court intends no criticism of the length of time during which the claim was considered. Indeed, the statute allows a six-month period. *See* 28 U.S.C.A. § 2675(a) (Supp.1977).

11. The court recognizes the existence of other authority for the proposition that the failure to file a claim that *includes* a sum certain within the two-year period bars agency consideration of the claim and precludes district court jurisdiction. In *Allen v. United States,* 517 F.2d 1328 (6th Cir. 1975), the claimant waited over two years after the filing of a tort claim before stating a sum certain. In *Avril v. United*

*States,* 461 F.2d 1090 (9th Cir. 1972), the sum certain portion of the standard form was left blank even after the defect was called to the attention of the claimant. These facts are, I believe, distinguishing. Moreover, the most logical way of resolving, on the one hand, the liberality that the courts have shown to defective tort claims in appropriate circumstances, *see, e. g., DeGroot v. United States,* 384 F.Supp. 1178 (N.D.Iowa 1974); *McCarter v. United States,* 373 F.Supp. 1152 (E.D.Tenn. 1973), with the notion that the filing of a claim within two years is jurisdictional, on the other, is by limiting the requirements considered to be "jurisdictional" to those strictly stated in the statute, and allowing agency and court consideration of corrected claims even if the claim as initially submitted does not meet all the technical requirements of the regulations.

12. *See Bialowas* and other cases cited supra.

Rules of Civil Procedure. While new claims sought to be added by amendment are subject to dismissal when a statute of limitations has, in the interim, expired, when the amendment concerns the same claim originally set forth, the amendment "relates back" in time. *See generally* 6 C. Wright & A. Miller, Federal Practice and Procedure, *Civil* § 1496 *et seq.* (1971). In essence, when the amended notice was received November 29, 1976, plaintiff sought only to make a technical correction to the claim already presented. While the court would have preferred, in light of the general purpose of the administrative resort rule, that the VA consider the claim in question, the court is unaware of any authority that would permit the court to direct reconsideration of the claim by the VA.[13]

Since the administrative claim was timely filed, the motion to dismiss this action for lack of subject-matter jurisdiction will be denied.[14]

---

13. The parties may, on the other hand, wish to explore the possibility of stipulating to VA reconsideration of the claim and to retention of jurisdiction over this case by the court for an additional six-month period. *Cf.* P. Dommer, West's Federal Practice Manual § 2017 (Rev.2d ed. 1977) (settlement by Attorney General after action instituted in the district court). Such a stipulation would, of course, require court approval.

14. The court will, at time of trial, entertain a motion to develop an evidentiary record on the position plaintiff pursued in opposing the motion to dismiss. *See* note 5 and accompanying text *supra.* The court sees no reason to prejudice plaintiff merely by the fact that alternate grounds for the denial of defendant's motion were relied upon here.