**Lisa Mary COOPER, Plaintiff,**

v.

**UNITED STATES of America,
Defendant.**

**No. CIV–79–299.**

United States District Court,
W. D. New York.

Oct. 2, 1980.

Cellino, Likoudis, Bernstein & Abbarno, Buffalo, N. Y. (Alan L. Bernstein, Buffalo, N. Y., of counsel), for plaintiff.

Richard J. Arcara, U. S. Atty. for W.D. N.Y., Buffalo, N. Y. (Jack S. Penca, Asst. U. S. Atty., Buffalo, N. Y., of counsel), for defendant.

MEMORANDUM and ORDER

ELFVIN, District Judge.

This is an action under the Federal Tort Claims Act ("the FTCA") arising out of an alleged collision April 30, 1976 between plaintiff's automobile and an automobile

---

**6.** The case was heard by the Court well after the election had occurred.

owned and operated by the United States Government. Plaintiff seeks monetary damages for personal injuries and property damage allegedly caused by negligent operation of the government vehicle. The government has moved to dismiss the action on the grounds that this court lacks subject matter jurisdiction and that plaintiff has failed to state a claim upon which relief can be granted. For the reasons set out below, the government's motion is granted.

■ Under 28 U.S.C. § 2675(a), an action seeking to collect money damages from the United States for property damage or bodily injury caused by the negligence of any government employee acting within the scope of his employment may not be instituted unless the plaintiff shall have first presented the claim to the appropriate federal agency and the agency shall have denied the claim. Moreover, under 28 U.S.C. § 2401(b), a tort claim against the United States is barred unless it is presented to the appropriate agency in writing within two years after the claim accrues or unless the action is begun within six months after the agency notifies the claimant of final denial of the claim. If the agency fails to make a final disposition of the claim within six months after it was filed, the claimant may, at any time thereafter, treat such failure as a final denial. 28 U.S.C. § 2675(a). In the absence of previous consideration and denial of a timely claim by the appropriate agency, a court lacks jurisdiction to adjudicate the claim. *Melo v. United States*, 505 F.2d 1026, 1030 (8th Cir. 1974); *Bialowas v. United States*, 443 F.2d 1047, 1048–49 (3d Cir. 1971).

■ In order to satisfy the administrative review requirement and thereby bring a claim within the court's jurisdiction, the claim must be submitted to the agency in a sum certain.[1] As the court stated in *Avril v. United States*, 461 F.2d 1090, 1091 (9th Cir. 1972), the required claim "is something more than a mere notice of an accident and an injury * * * [it is] a demand for payment or relief, and, unless it is a claim *for* something, is no claim at all."

■ From the affidavits and other material presented to the court,[2] it appears that plaintiff filed an initial Standard Form 95 (Claim for Damage or Injury) within a month after the accident occurred. In the space entitled "Amount of Claim," plaintiff wrote "$666.43 Plus Car Rental" for property damage and "Pending No Fault Benefits" for personal injury, and placed a question mark in the box marked "Total." The

1. The requirement that the claim to the agency be for a sum certain is set out in 28 C.F.R. § 14.2(a), which states:

"For the purpose of Section 2672 of Title 28 [governing the authority of heads of Federal agencies to settle claims against the agency] * * * a claim shall be deemed to have been presented when a Federal agency receives an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages, *in a sum certain* * * *." (emphasis added) Although by the express terms of § 14.2(a) the sum certain requirement applies only to 28 U.S.C. § 2672, courts have consistently found that the requirement applies equally to 28 U.S.C. §§ 2401 and 2675(a). *Molinar v. United States*, 515 F.2d 246, 248 249 (5th Cir. 1975); *Caton v. United States*, 495 F.2d 635, 636 (9th Cir. 1974); *Bialowas v. United States, supra*, at 1050; *Jordan v. United States*, 333 F.Supp. 987, 989 90 (E.D.Pa.1971), *aff'd mem.* 474 F.2d 1340 (3d Cir. 1973).

2. The court notes that there are discrepancies between the factual allegations in the Complaint and in the government's affidavit and memorandum in support of the motion to dismiss. The court also notes, however, that plaintiff prepared an Amended Complaint, dated September 18, 1979, in which the factual allegations regarding plaintiff's attempt to file a claim are substantially similar to the allegations contained in the government's affidavit and memorandum. In her memorandum to the court opposing the motion to dismiss, plaintiff requested the court's permission to file the proposed Amended Complaint. In my Order of May 2, 1980, I noted that since no responsive pleading had been served by the government the Complaint could be amended as of right. Although plaintiff has not filed the proposed Amended Complaint, the court will assume for the purposes of the government's motion that the allegations contained in the government's affidavit and memorandum are correct with respect to the dates and contents of plaintiff's purported claims. Copies of forms submitted by plaintiff have been attached to the government affidavit.

form indicated that plaintiff had sustained a "back injury" and was "going to family doctor." A copy of an estimate for repairs to plaintiff's automobile was attached to the form; the estimate totalled $666.43. On March 9, 1979 plaintiff filed a second Standard Form 95 in which she asserted $666.43 for property damage and $5,000.00 for personal injury. She stated the total amount of her claim was $5,666.43. On April 12, 1979 plaintiff began this action. The Complaint seeks $10,000.00 for past and future medical expenses, lost wages and pain and suffering, and $666.43 for property damage. In her proposed Amended Complaint,[3] plaintiff seeks $5,000.00 for pain and suffering and $666.43 for property damage.

Plaintiff argues that she has presented a timely claim in a sum certain to defendant and suggests that the second form, which undoubtedly is a claim for a sum certain, relates back in time to the original. Defendant argues that an appropriate claim has not been made by plaintiff and that, under the principles discussed above, the court lacks jurisdiction over her cause of action.

The first form submitted by plaintiff was clearly not a claim for a sum certain since the indicated property damage amounted to $666.43 *"plus car rental"* and her personal injury damages could not be determined "Pending No Fault Benefits." The court finds on authority of *Allen v. United States*, 517 F.2d 1328 (6th Cir. 1975), and *Jordan v. United States, supra*, note 1, that the second form filed by plaintiff failed to correct these deficiencies inasmuch as the latter was filed more than two years after the accident occurred.

The plaintiff in *Allen* had been injured in a collision with a vehicle driven by a United States Postal Service employee April 18, 1969. On April 15, 1971 he filed a Standard Form 95 in which he claimed property damage of $296.13 but did not specify any amount claimed for personal injuries. On

July 23, 1973 he filed a second Standard Form 95 claiming $296.13 for property damage and $10,000.00 for personal injuries. The government denied the claim on the grounds that it was untimely. In the action to recover the amount of damages claimed in the second filing, the district court held that it had no jurisdiction over the cause of action and the appellate court affirmed.

*Jordan* was an action to recover damages suffered by one who allegedly was injured February 17, 1967 through the negligence of government employees. He filed a Standard Form 95 February 17, 1969 but failed to specify the amount of the claim. On February 5, 1971 he filed a second form alleging damages in a sum certain. The district court, in dismissing the action, rejected the argument that a claim for damages in a sum certain is unnecessary for the purposes of the two-year statute of limitations set by 28 U.S.C. § 2401. *Jordan v. United States, supra*, at 989.

*Jordan* and *Allen* appear to establish a general rule that a plaintiff must file a claim for a sum certain with the appropriate federal agency within two years after the cause of action accrues and that a failure to do so cannot be corrected by subsequent filing of a claim that relates back to the original claim. The only case apparently to the contrary is *Apollo v. United States*, 451 F.Supp. 137 (M.D.Pa.1978), which has been cited in plaintiff's memorandum in opposition to the motion to dismiss. *Apollo* is distinguishable from the present case, however, in that the plaintiff there initiated the action after the government had formally rejected the amended claim. *Apollo v. United States, supra*, at 138.

In the present action, the government never formally denied the amended claim submitted by plaintiff and plaintiff instituted suit before six months had elapsed from the date of submission of the amended claim.[4] Under 28 U.S.C. § 2675(a), a claim-

3. *See* Note 2, *supra*.

4. Given this basis for distinguishing *Apollo*, I need not decide whether, if squarely presented with the issue, I would follow the relation back theory or adhere to the more stringent requirements of *Jordan* and *Allen*.

ant may bring a negligence action against the government only if the federal agency has expressly denied the claim or if six months have elapsed since the claim was submitted to the government. *Schaefer v. Hills*, 416 F.Supp. 428 (S.D.Ohio 1976). Accordingly, at the time plaintiff herein commenced this lawsuit, her claims had never been properly submitted to and denied by the government and this court therefore lacks jurisdiction over her cause of action.

For these reasons defendant government's motion to dismiss is hereby ORDERED granted.