**Harold B. MAXSON, Plaintiff,**

v.

**U.S. POSTAL SERVICE, Defendant.**

**No. G82–879.**

United States District Court,
W.D. Michigan, S.D.

May 29, 1984.

Leo Stevens, Grand Rapids, Mich., for plaintiff.

John A. Smietanka, U.S. Atty., Julie Ann Woods, Asst. U.S. Atty., Grand Rapids, Mich., for defendant.

## OPINION

ENSLEN, District Judge.

Harold Maxson (Plaintiff) filed this action pursuant to the Federal Tort Claims Act (the Act), 28 U.S.C. §§ 2671–2680, for personal injury and damage to his motorcycle arising out a collision on August 5, 1981, with a vehicle negligently operated by an employee of Defendant, United States Postal Service, acting within the scope of his employment. On August 31, 1981, Plaintiff submitted a Standard Form 95 (SF 95) claiming $2,150 in property damage and $10,000 for personal injury. Attached to the SF 95 was an addendum drawn up by Plaintiff in which he lists three separate categories of personal injury: personal suffering, inconvenience and loss of opportunity. With respect to the last category, Plaintiff states that he was, at the time of the accident, a tennis player of some skill and had intended to search for a full-time tennis position. Plaintiff was then competing for a ranking in the Western Tennis Association in an attempt to improve his job prospects. The accident precluded his playing for the remainder of the season and dashed all hope for a ranking as well as a job as a tennis professional. Plaintiff estimates that injury may have cost him $20,000 in income that he expected to generate from his tennis ability.[1]

In the instant case, Plaintiff seeks to claim damages in excess of the amount listed on his SF 95. Defendant apparently does not contest liability but argues that Plaintiff's damages should be limited to the $12,150 which he claimed on the SF 95. In response, Plaintiff contends that the Government was apprised of his claim for

---

1. Plaintiff does not claim a sum certain for the personal suffering or inconvenience caused by the accident; consequently, he will not be al-
lowed to ask for compensation for those injuries above the amount requested in his SF 95 for personal injury ($10,000). 28 U.S.C. § 2675(b).

the loss of wages by the addendum attached to this form. Plaintiff also argues that he filed this document before he became fully aware of his injury and should be allowed to increase his request for relief so that it is commensurate with the extent of that injury.[2] As a general rule, the Act limits the claimant's *ad damnum* clause to the amount of the claim presented to the federal agency. However, the Act makes an exception for those instances where an increased claim is "based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency" or "proof of intervening facts, relating to the amount of the claim." 28 U.S.C. § 2675(b).

■ The basic purpose of the Act is, of course, to force the United States to bear liability for the injuries caused by the negligence of its employees acting within the scope of their employment to the same extent that private individuals would be liable under state law. *Odin v. United States*, 656 F.2d 798 (C.A.D.C.1981). In 1966, Congress amended the Act to make resort to a procedure for administrative settlement of claims a prerequisite for filing suit. Pub.L. No. 89–506, 80 Stat. 306 (1966). The so-called exhaustion requirement is set forth at 28 U.S.C. § 2675(a) which provides:

> An action shall not be instituted upon a claim upon the United States for money damages for injury or loss of property or personal injury ... unless the claimant shall have first presented the claim to the appropriate federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of the claim within six months after it is filed shall, at the option of the claimant anytime thereafter, be deemed a final denial of the claim for purposes of this section.

The purpose of this amendment was to provide more equitable treatment of claims and to ease court congestion by avoiding unnecessary litigation. S.Rep. No. 1327, 89th Cong., 2d Sess. 2 (1966), U.S.Code Cong. & Admin.News 1966, 2515–16. This administrative procedure is jurisdictional; thus, federal district courts have no jurisdiction unless the claimant complies with the procedure. *House v. Mine Safety Appliances Co.*, 573 F.2d 609 (CA. 9) *cert. den.*, 439 U.S. 862, 99 S.Ct. 182, 58 L.Ed.2d 171 (1978). *Executive Jet Aviation, Inc. v. United States*, 507 F.2d 508 (CA. 6 1974); *Bialowis v. United States*, 443 F.2d 1047 (CA. 3 1971).

The claimant is required to present his claim in writing to the appropriate federal agency within two years after the claim accrues. 28 U.S.C. § 2401(b). A lawsuit may be instituted after the agency denies the claim in writing or fails to make final disposition within six months after submission. 28 U.S.C. § 2675(a). It is unclear whether the Postal Service rejected the claim or Plaintiff filed suit as a result of its failure to respond. At any rate, the Government does not now contend that this suit is barred by the statute of limitations.

The parties disagree on the issue whether the damages in the addendum to Plaintiff's SF 95 for lost wages may be considered as a "claim". 39 CFR § 912.5 sets forth the definition of a "claim" for purposes of the Act:

> For purposes of this part, a claim shall be deemed to have been presented when the U.S. Postal Service receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95, Claim for Damage or Injury, or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident.

The SF 95 is clearly not the single means for presenting a claim against the Government. The courts have liberally construed

---

**2.** The Government first raised this defense orally at the pretrial conference held on December 15, 1983. I ordered the parties to brief this matter. As yet, there has been no trial date set for this case.

this requirement so long as the claimant's submissions claim a specific amount in damages. *See, e.g., Molinar v. United States,* 515 F.2d 246 (C.A. 5 1975) (letter from claimant's attorney enclosing medical bills and car repair estimates in the amount of $1,462.50 constituted a claim for a sum certain); *Williams v. United States,* 693 F.2d 555 (C.A. 5 1982) (an SF 95 not indicating any amount claimed for compensation of personal injury was sufficiently supplemented by allegations of prior state court complaint to constitute a claim); *Little v. United States,* 317 F.Supp. 8 (E.D.Pa.1970) (Government not misled by claimant's failure to list total amount of claim on SF 95 where prior letter contained the entire amount of the claim); *Letoski v. United States,* 488 F.Supp. 952 (M.D.Pa.1979) (letter containing settlement offer for $4,500 supplemented an SF 95 containing no claim for a specific amount for personal injury or total claim so as to constitute a sum certain).

■ In this Circuit, it is clear that the claimant's failure to claim a specific amount for personal injuries on an SF 95 will preclude a later suit in federal district court for lack of jurisdiction. *Allen v. United States,* 517 F.2d 1328 (C.A. 6 1975). In *Allen,* Plaintiff filed an SF 95 following a collision with a Postal Service employee which listed property damage as $296.13 but left blank the spaces for "Personal Injury" and "Total". He subsequently filed a second, untimely claim listing a personal injury claim of $10,000 and a total claim of $10,296.13. The Court of Appeals affirmed the district court's dismissal of the complaint which only stated a claim for personal injury and loss of consortium on the grounds that no timely administrative claim was ever filed with regard to these damages. The instant case is clearly distinguishable from *Allen* in that the Government was placed on notice at the outset and in a timely fashion of the amount Plaintiff is claiming for lost wages.

■ Allowing Plaintiff's addendum to serve as an amendment to Plaintiff's SF 95 will not frustrate the administrative claim procedure of the Act. According to 28 U.S.C. § 2672, settlements in excess of $2,500 must have the written approval of the Attorney General and awards of less than $2,500 may be paid out of a particular agency's appropriations. As noted in *Shelton v. United States,* 615 F.2d 713 (C.A. 6 1980), the sum certain requirement furnishes federal agencies with the information necessary to determine whether the Attorney General's office must be called to participate in the lawsuit and the source of funds for any liability. Since the agency has only six months to take final action on the claim, it is imperative that the agency have sufficient information about the scope of the claim to initiate prompt, meaningful settlement proceedings.

In the instant case, the Government knew from the SF 95 itself that the claim exceeded the maximum limit of those which may be satisfied out of an agency's funds. The Government was also placed on notice that the Attorney General's approval of any settlement might be necessary since the sum of the specific damages sought could exceed $25,000. This provided sufficient advance notice to enable the Government to begin preparing its defense to the damages as well as the liability issues. Thus, no prejudicial surprise would result from allowing Plaintiff to claim $20,000 for lost wages at this point in the proceedings. *See, Executive Jet Aviation, Inc. v. United States, supra.* However, in allowing Plaintiff to claim $20,000 in lost wages, I do not intend to allow him to bootstrap an increased claim for personal injury.

With respect to the personal injury claim, Plaintiff argues that he should not be limited to the $10,000 listed in his SF 95. As noted above, the amount of the administrative claim sets the upper limit on any *ad damnum* clause in a subsequent court action unless during the time between the submission of the administrative claim and the filing of the lawsuit there are intervening facts or newly discovered evidence relating to the value of the claim which justifies an amendment. 28 U.S.C. § 2675. The resolution of the issue as to whether

one of these exceptions is applicable turns on the facts of the case. The courts generally will not allow a plaintiff to sue for a larger sum unless the extent of his injury was not reasonably foreseeable at the time he filed his administrative claim.[3] *See, e.g., Husovsky v. United States,* 590 F.2d 944 (C.A.D.C.1978); *Kielwien v. United States,* 540 F.2d 676 (C.A. 4) *cert. den.,* 429 U.S. 979, 97 S.Ct. 491, 50 L.Ed.2d 588 (1976); *Gallimore v. United States,* 530 F.Supp. 136 (E.D.Pa.1982); *Bonner v. United States,* 339 F.Supp. 640 (E.D.La.1972).

▮ I have reviewed the sparse record of this case and find that neither of these exceptions are applicable. Following the accident, Plaintiff was taken to Butterworth Hospital in Grand Rapids, Michigan, where he underwent surgery for a fracture of his left tibia/fibula and was placed in a long leg cast. The cast was not removed until February, 1982. After that time, he apparently had some minimal difficulty with his ambulatory activity. However, Dr. Ribbe, Plaintiff's treating physician, indicated that his recovery was not retarded for the most part and the residual disability minimal, if there was any at all. In sum, Dr. Ribbe found that Plaintiff had not suffered any significant permanent disability. In the absence of such evidence, Plaintiff can hardly argue that his injury was worse than he first suspected and, consequently, that unforeseeable circumstances justify an *ad damnum* clause in excess of the claim for personal injury set forth in the SF 95. Where a claimant has failed to assert any concrete facts to support his claim that his injury was greater than it appeared at the time he filed his administrative claim, he cannot be allowed to increase that claim in a subsequent lawsuit.

Accordingly, an Order will be entered allowing Plaintiff to claim $20,000 in lost wages and limiting his claim for personal injury to $10,000.

---

**3.** I would note parenthetically that 39 CFR 912.-5(b) afforded Plaintiff the opportunity to amend his claim before the Postal Service took final action on it or the claimant filed suit as a result

of that agency's inaction for six months following the submission of the claim. 28 U.S.C. § 2675(a).