Gemma C. CASEY, et al., Plaintiffs,

v.

UNITED STATES POSTAL SERVICE, Defendant.

Civ. A. No. 84–1854–C.

United States District Court,
D. Massachusetts.

July 30, 1985.

John F. Canty, Jr., Concord, Mass., for plaintiffs.

Asst. U.S. Atty. Marianne B. Bowler, Boston, Mass., for defendant.

## MEMORANDUM

CAFFREY, Chief Judge.

This is a civil action brought by Gemma C. Casey and John F. Canty, Jr. against the United States Postal Service. Jurisdiction is claimed on the basis of the Federal Torts Claims Act, 28 U.S.C. § 1346(b). Plaintiffs

allege that they are husband and wife and residents of Middlesex County, Massachusetts. They further allege that on April 14, 1981 a motor vehicle operated by Gemma C. Casey was involved in a collision with a U.S. Mail truck at the intersections of Route 62 and 2 in Concord, Massachusetts. Plaintiff, Gemma Casey alleges that her vehicle was struck from behind by the mail truck as a result of which she alleges she sustained various physical injuries. Plaintiff, John F. Canty, Jr. seeks recovery for emotional distress allegedly caused by his being informed of his wife's accident and for loss of consortium. The matter is now before the Court on a motion to dismiss filed by the United States for lack of jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

In the memorandum of law filed by the United States, the United States contends that plaintiffs are barred from maintaining the instant case because of their failure to exhaust their administrative remedies as required by 28 U.S.C. § 2675(a). The record discloses that three days prior to the expiration of the two year statute of limitations, plaintiffs submitted a Standard Form 95 to the Concord, Massachusetts Post Office. Item 10 of the standard form was completed by plaintiffs as follows: "A. Property Damage—'Approx. $2,050.00;' B. Personal Injury—'not less than … $250,-000.00;' D. total—'Unknown.'" A photostatic copy of this Standard Form as filed is appended to Affidavit of Gemma C. Casey.

This Standard Form 95 was received by the claims service of the United States Post Office on April 19, 1983 and the claims service notified plaintiff on December 14, 1983 that federal regulations require all claims be made for a sum certain and that their claim for an unknown amount did not constitute the filing of an administrative claim and therefore did not toll the statute of limitations.

This action is controlled by the provisions of 28 U.S.C. § 2675(a) and 28 C.F.R. § 14.2(a). 28 U.S.C. § 2675 provides "[a]n action shall not be instituted upon a claim against the United States for money damages … unless the claimant shall have first presented the claim to the appropriate Federal Agency and his claim shall have been finally denied by the agency in writing…."

28 C.F.R. § 14.2(a) provides: "… a claim shall be deemed to have been presented when a Federal agency receives … an executed Standard Form 95 … accompanied by a claim for money damages *in a sum certain* for … personal injury … alleged to have occurred by reason of the incident." (emphasis added).

■ It is settled law that the Federal Tort Claims Act is a limited waiver of sovereign immunity. In *United States v. Sherwood*, 312 U.S. 584, 590, 61 S.Ct. 767, 771, 85 L.Ed. 1058 (1941) the Supreme Court in construing the Tucker Act's limited waiver of sovereign immunity stated "the section must be interpreted in light of its function in giving consent of the government to be sued, which consent, since it is a relinquishment of a sovereign immunity must be strictly interpreted." In *Soriano v. United States*, 352 U.S. 270, 276, 77 S.Ct. 269, 273, 1 L.Ed.2d 306 (1957), the Supreme Court re-endorsed the principles announced in *United States v. Sherwood, supra* with the observation "that this Court has long decided that limitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied."

The Courts of Appeals for a number of circuits have applied the above-cited admonitions of the Supreme Court with regard to the jurisdictional effect of the failure to file a specific administrative claim prior to instituting suit against the United States. In *Blain v. United States*, 552 F.2d 289, 291 (1977), the Court of Appeals for the Ninth Circuit ruled that "[t]he claim requirement of § 2675 is jurisdictional in nature and may not be waived…. [F]ailure to comply within the required time period results in the claim's being forever barred." In *Allen v. United States*, 517 F.2d 1328 (6th Cir.1975), a case presenting a fact situation almost identical to the instant case, the Court of Appeals for the Sixth Circuit ruled that plaintiff's claim against the United States was barred be-

cause of their failure to file a proper administrative claim with the postal service. The Court also ruled that the Allens' claim was defective because it failed to state a sum certain demand for damages, which is the situation in the instant case.

A similar ruling was made in *Robinson v. United States Navy*, 342 F.Supp. 381, 382 (E.D.Pa.1972) where the court held that the filing of a proper claim was jurisdictional and could not be waived. The Court further held that "[a] claim which does not set out the amount of damages sought is not a claim." *Id.* at 383. Similar rulings have been made by the Courts of Appeals for the Third and Fifth Circuits. *See Bialowas v. United States*, 443 F.2d 1047 (3rd Cir.1971); *Monilar v. United States*, 515 F.2d 246 (5th Cir.1975). On the basis of all of the above-cited well-settled authority, I rule that the failure to file an administrative claim containing a specific total dollar amount is fatal to the filing of the federal torts claim case herein and that an order should enter dismissing plaintiffs' complaint.

Order accordingly.