**Betty J. SHOCK**

v.

**UNITED STATES of America.**

**Civ. No. S 87–2908.**

United States District Court,
D. Maryland.

March 3, 1988.

---

Robert T. Hall, Hall, Markle & Sickels, P.C., Fairfax, Va., Nicholas Gilman, Smiley, Olson, Gilman & Pangia, Washington, D.C., for plaintiff.

Breckinridge L. Willcox, U.S. Atty., Juliet A. Eurich, Billy S. Bradley, Asst. U.S. Attys., Baltimore, Md., for defendant.

## MEMORANDUM OPINION

SMALKIN, District Judge.

The plaintiff, Betty J. Shock, sues the United States on account of the death of her husband, which occurred during the course of heart surgery at Bethesda Naval Hospital on August 30, 1983. Plaintiff, contending that the cause of her husband's death was the negligence of a Navy surgeon, later court-martialed for, *inter alia,* dereliction in the performance of his duties, filed an administrative claim pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2401 *et seq.* and 2671 *et seq.,* on July 2, 1986, almost three years after the fatal operation. This claim was rejected for failure to request a specific dollar amount, a fatal flaw in the administrative claim procedure required to be exhausted by 28 U.S.C. § 2675. *See, e.g., Casey v. United States Postal Service,* 613 F.Supp. 362 (D.Mass.1985).

The plaintiff's second administrative claim, this time requesting a sum certain, was filed August 13, 1986, well beyond the two-year limitation period of 28 U.S.C. § 2401(b). The defendant's motion to dismiss contends that, because the two-year filing deadline for plaintiff's administrative claim started to run at her husband's death on August 30, 1983, her claim is time-barred, and that such bar is jurisdictional. *See, e.g., College v. United States,* 411 F.Supp. 738, 740 (D.Md.1976), *aff'd,* 572 F.2d 453 (4th Cir.1978). Plaintiff opposes the defendant's motion, principally on the ground that, under her theories of liability, her cause of action did not accrue at her husband's death. No oral hearing is necessary. Local Rule 6, D.Md.

■ Addressing, first, plaintiff's pure medical malpractice (negligence) claim, it is well settled that such a claim accrues under the FTCA when the claimant (or his representative) has knowledge both of the injury and its cause. *United States v. Kubrick,* 444 U.S. 111, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979). Under the *Kubrick* rule, the plaintiff need not know that the cause of injury was one involving negligence or other culpable conduct, but need only have sufficient knowledge of a causal connection (in the sense of causation-in-fact) between the injury and the medical treatment being rendered, or other cause-in-fact of injury. *See discussion in Drazan v. United States,* 762 F.2d 56, 58–59 (7th Cir.1985). It is incontestable in this case that the cause-in-fact of Mr. Shock's death was the fatal operation. Unlike the concurrent, independent cause of death referred to in *Drazan,* 762 F.2d at 59, or the continuing-course-of-treatment situation addressed in *Otto v. National Institute of Health,* 815 F.2d 985 (4th Cir.1987), both of which involved latent causality, the instant case involved a patent cause-in-fact. The obviousness of the *factual* causal connection between death and the operation could not have been greater. Under *Kubrick,* this was enough to put the claimant on notice and commenced the running of the two-year limitation period for filing the administrative claim. *See Garrett v. United States,* 640 F.2d 24 (6th Cir.1981). Thus, plaintiff's malpractice claim is time-barred. Although fraudulent concealment could toll the limitations period of § 2401, *see, e.g., Harrison v. United States,* 708 F.2d 1023 (5th Cir.1983), there is neither a present allegation of fraudulent concealment nor a proffer of a factual basis therefor, during the limitations period or thereafter, sufficient to toll the running of limitations; The Government's mere failure voluntarily to disclose is insufficient to make out a case of fraudulent concealment.

■ Finally, plaintiff's attempt to argue around the applicable limitations period by characterizing her claim as an "informed consent" claim under the rule of *Sard v. Hardy,* 281 Md. 432, 379 A.2d 1014 (1977), is unpersuasive. Rather, there is persuasive merit in the Government's argument that the informed consent theory cannot be relied upon in this *particular* FTCA medical injury case because it is, as asserted in this case, no more than a negligent

misrepresentation theory. Here, the plaintiff contends that the consent was not "informed" because the surgeon failed to disclose his incompetence or misrepresented his competence. Actions for negligent (or even fraudulent) misrepresentation are not allowed under the FTCA. 28 U.S.C. § 2680(h). Unlike a true "informed consent" case, where the question is whether there has been adequate disclosure of the nature and consequences *medically inherent* in a course of treatment so as to allow an intelligent and informed choice among treatment alternatives, *see Sard v. Hardy,* 281 Md. at 439, 379 A.2d 1014 (and as to which the misrepresentation exclusion of 28 U.S.C. § 2680(h) is inapplicable, *see, e.g., Phillips v. United States,* 508 F.Supp. 544, 547–48 (D.S.C. 1981)), this case involves only claims that the competence of the attending surgeon was either not disclosed or affirmatively misrepresented. *See* Paper No. 8 at 12. These claims raise no question of informed consent, but, rather, only camouflaged claims of misrepresentation, and the "informed consent" claim as asserted here is, therefore, barred by § 2680(h), even if it accrued after plaintiff's husband's death.

For the reasons stated, an order will be entered separately, dismissing this case for lack of subject matter jurisdiction. Fed.R. Civ.P. 12(b)(1).