Honey J. LOW, Plaintiff,

v.

UNITED STATES of America, Merck, Sharpe & Dohme Orthopedics, and Merck & Co., Inc., Defendants.

Civ. A. No. 78–537–N.

United States District Court,
E. D. Virginia,
Norfolk Division.

Dec. 22, 1978.

Robert M. White, White & Selkin, Norfolk, Va., for plaintiff.

John F. Kane, Asst. U. S. Atty., Norfolk, Va., John E. B. Myers, Trial Atty., Torts Branch, Civil Division, U. S. Dept. of Justice, Washington, D. C., for defendants.

## OPINION AND ORDER

CLARKE, District Judge.

Plaintiff brought two civil actions on October 27, 1978, for injuries that she allegedly suffered following inoculation of a vaccine used in the National Swine Flu Program. The present action was brought in this Court; jurisdiction was based upon 42 U.S.C. § 247b (the National Swine Flu Immunization Program of 1976, hereinafter the Swine Flu Act), 28 U.S.C. § 1346(b) (the Federal Tort Claims Act), and 28 U.S.C. § 1332 (diversity of citizenship). The other action was filed in state court. The state and federal actions are basically identical, although the state claim included the City of Norfolk as an additional defendant.

On November 17, 1978, the United States properly filed a petition for removal of the state claim. *See Low v. City of Norfolk, et al.,* Civ.A.No. 78–592–N. The United States now moves that this Court: (1) consolidate the state and federal claims; (2) substitute the United States as the sole party defendant in the two actions; and (3) dismiss the causes of action for failure to exhaust administrative remedies.

### I.

■ When actions involving a common question of law or fact are pending before the Court, it may order the actions consolidated. *Fed.R.Civ.P.* 42(a). The Court finds that the questions of law and fact are virtually identical in the state and federal claims. Plaintiff apparently agrees, since she does not object to the motion for consolidation. Therefore, it is ORDERED that Civil Actions Number 78–537–N and 78–592–N be consolidated.[1]

### II.

The language of the Swine Flu Act leaves no doubt that Congress intended the United States to be the sole defendant in suits arising from the National Swine Flu Program. The Act orders the Attorney General of the United States to defend any civil action brought against a "program participant"—a category which includes the defendant manufacturers and distributors of swine flu vaccine and the defendant City of Norfolk. 42 U.S.C. § 247b(k)(2)(B). Furthermore:

Upon certification by the Attorney General that a civil action or proceeding brought in any court against any . . . program participant is based upon a claim alleging personal injury or death arising out of the administration of vaccine under the swine flu program, such action or proceeding shall be deemed an action against the United States under the provisions of Title 28, and all references thereto. *If such action or proceeding is brought in a district court of the United States, then upon such certification the United States shall be substituted as the party defendant.*

Upon a certification by the Attorney General . . . with respect to a civil action or proceeding commenced in a State court, such action or proceeding shall be removed . . . by the Attorney General to the district court of the United States of the district and division embracing the place wherein it is pending and be deemed an action brought against the United States under the provisions of Title 28, and all references thereto; *and the United States shall be substituted as the party defendant.*

*Id.* § 247b(k)(5)(A)–(B) (emphasis added).

■ The United States has submitted the certification required by the Act, and plaintiff offers no objection to substitution. It is therefore ORDERED that the United States be substituted as the sole party defendant in the consolidated cases and that all other defendants be dismissed.

---

1. Removal of the state action to this Court poses no jurisdictional problems here. While plaintiff is a citizen of Virginia and the City of Norfolk is an incorporated city of Virginia, the Swine Flu Act provides that the remedy which it provides is exclusive of all other civil remedies, including cases based on diversity of citizenship. 42 U.S.C. § 247b(k)(3). Moreover, as the Court will discuss in Part II *infra,* Congress intended that the United States be substituted as the sole party defendant in a swine flu suit brought in state court. *See id..* § 247b(k)(5)(B).

### III.

■ On October 27, 1978—the same day on which she filed suits in state and federal court—plaintiff signed and sent to the United States Public Health Service a "Claim for Damage, Injury, or Death" (Standard Form 95) concerning her swine flu inoculation. The United States argues that the Court should dismiss the consolidated suits because plaintiff has failed to exhaust her administrative remedies. The Court agrees.

The Swine Flu Act limits legal remedies for injuries due to swine flu vaccine to recovery under the Federal Tort Claims Act, 28 U.S.C. § 1346(b). As the Swine Flu Act provides:

> The United States shall be liable with respect to claims submitted after September 30, 1976, for personal injury or death arising out of the administration of swine flu vaccine under the swine flu program and based upon the act or omission of a program participant in the same manner and to the same extent as the United States would be liable in any other action brought against it under such section 1346(b) and chapter 171 . . .

42 U.S.C. § 247b(k)(2)(A). "Chapter 171" of Title 28, to which this passage refers, includes the following section:

> *Disposition by federal agency as prerequisite; evidence*
>
> (a) An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of any agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. The provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim.

28 U.S.C. § 2675(a). Thus, an aggrieved party must submit a claim to an appropriate federal agency before bringing suit under the Swine Flu Act and the Federal Tort Claims Act. And suit may be brought *only* after the Government denies the claim or renders no final decision within six months, whichever occurs first.

■ Plaintiff did submit a claim to the Public Health Service, which the United States admits is the proper agency for receiving swine flu claims. But the claim was presented less than two months ago, and there is no evidence in the record that the Government has yet denied the claim or made a final disposition. The right to sue the Government exists wholly by consent, as expressed in the Federal Tort Claims Act. The first requirement is the filing of a claim and exhaustion of administrative remedies as described *supra*. That requirement is jurisdictional and cannot be waived. *E. g., Ducharme v. Merrill-National Laboratories*, 574 F.2d 1307, 1311 (5th Cir. *cert. denied*, —— U.S. ——, 99 S.Ct. 612, —— L.Ed.2d —— (1978); *Kielwien v. United States*, 540 F.2d 676, 679 (4th Cir.), *cert. denied*, 429 U.S. 979, 97 S.Ct. 491, 50 L.Ed.2d 588 (1976); *Wolfe v. Merrill National Laboratories, Inc.*, 433 F.Supp. 231, 238 (M.D.Tenn.1977). Since plaintiff has not yet fulfilled the administrative requirements of the Act, this Court is without jurisdiction to hear the claim. Accordingly, this action must be dismissed. Dismissal of the action at this time, of course, does not bar plaintiff from instituting a new action should she properly exhaust her administrative remedies but fail to obtain relief. *Cf.* 42 U.S.C. § 247b(k)(2)(A)(iii) (if swine flu action is brought within two years of the date of inoculation and is dismissed for failure to file a claim, plaintiff has thirty days after dismissal or two years from the date the claim arose, whichever is later, to file a claim).

The motions of the United States to consolidate actions, to substitute the United States as the sole party defendant, and to dismiss this action (as consolidated) are GRANTED.

This action is DISMISSED.[2]

2. The United States represented to this Court that plaintiff's claim was "presented" to the claims office of the Public Health Service on November 9, 1978. Plaintiff apparently believes that the claim was "presented" long before November 9, for she cites Federal regulations which provide that a claim is deemed "presented" when "a federal agency" receives it. *See* 28 C.F.R. § 14.2(a). Thus, plaintiff argues, the claim was "presented" when it arrived at the Public Health Service, not when it reached a particular office of the Service. Plaintiff fails to state the date on which the claim was allegedly "presented." In any event, the Court finds resolution of this issue unnecessary for resolution of the motions here. Plaintiff is free to raise the issue again if and when she institutes a new suit.