Lewis M. NELSON, Executor of the Estate of Ellen Finley Nelson, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. C–80–239–W.

United States District Court,
M. D. North Carolina,
Wilkesboro Division.

June 30, 1982.

W. H. McElwee and William C. Warden, Jr., of McElwee, Hall, McElwee & Cannon, North Wilkesboro, N. C., for plaintiff.

Paula Potoczak, Trial Atty., Torts Branch, Civ. Div., U. S. Dept. of Justice, Washington, D. C., for defendant.

## MEMORANDUM OPINION AND ORDER

HIRAM H. WARD, District Judge.

On May 22, 1980, Ellen Finley Nelson filed an action in this Court under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671–2680, and the National Swine Flu Immunization Program of 1976, 42 U.S.C. § 247b. In the Complaint Ellen Finley Nelson alleged that she received a swine flu vaccine inoculation on or about October 27, 1976, that soon thereafter the vaccine caused and continued to cause her personal injury (*i.e.*, Guillain-Barre Syndrome), that she filed an administrative claim with the United States Public Health Service, and that she incurred damages of $100,000. On November 3, 1981, Ellen Finley Nelson died and, subsequently, Lewis M. Nelson, Executor of the Estate of Ellen Finley Nelson, was substituted as the party plaintiff in this action. Order (February 24, 1982).

The matter now before the Court is the plaintiff's Motion to Amend (May 18, 1982). In the proposed amendment to the Complaint, plaintiff would allege that Ellen Finley Nelson's death was a proximate result of the personal injury caused by the vaccine, that the defendant is liable for wrongful death, and that plaintiff is entitled to recover damages from the defendant in ex-

cess of the amount originally sought in the Complaint or in the administrative claim. In opposition to the motion, the defendant contends that pursuant to 28 U.S.C. § 2675(a) the Court lacks jurisdiction to entertain the wrongful death claim because plaintiff has never presented a wrongful death claim before the United States Public Health Service.

 The FTCA governs the recovery to which the plaintiff may be entitled. *Low v. United States*, 463 F.Supp. 948 (E.D. Va.1978). Although the FTCA serves as a waiver of sovereign immunity, it is a conditional waiver. *Bialowas v. United States*, 443 F.2d 1047 (3d Cir. 1971). One such condition appears at 28 U.S.C. § 2675(a) and provides that no lawsuit may "be instituted upon a claim against the United States for money damages for . . . personal injury or death . . . unless the claimant [has] first presented the claim to the appropriate Federal agency . . . ." Failure to abide by this condition bars any action against the United States under the FTCA because the district court lacks subject matter jurisdiction to entertain a lawsuit not preceded by an administrative claim. *Kielwien v. United States*, 540 F.2d 676 (4th Cir. 1976); *Heaton v. United States*, 383 F.Supp. 589 (S.D.N.Y.1974). Mere notice of a potential lawsuit is not sufficient to meet the requirements of actually filing a claim. *Molinar v. United States*, 515 F.2d 246 (5th Cir. 1975); *see also Wood v. Standard Products Co., Inc.*, 671 F.2d 825 (4th Cir. 1982) (as a waiver of sovereign immunity, the FTCA must be strictly interpreted and applied).

 The question before the Court is whether the plaintiff must file a second administrative claim asserting wrongful death before the plaintiff may amend the Complaint and allege wrongful death in this lawsuit. This question is truly a novel one. To conclude that plaintiff must file a second claim would confuse "claim" with "legal cause of action" and would neglect the obvious purpose of 28 U.S.C. § 2675(b).

Moreover, Fed.R.Civ.P. 15(a) clearly favors permitting the proposed amendment now. *Davis v. Piper Aircraft Corp.*, 615 F.2d 606 (4th Cir. 1980).

The defendant does not contest that the decedent filed an administrative claim in which she asserted that the vaccine caused her certain personal injuries. The agency rejected that assertion and the defendant in its Answer (July 17, 1980) denied that the flu vaccine caused any injury to the decedent. Plaintiff now wishes to amend and allege that these injuries (*i.e.*, Guillain-Barre Syndrome) caused by the vaccine have in turn proximately caused the death of Ellen Finley Nelson. The defendant clearly has had the opportunity occasioned by the decedent's administrative claim to investigate and evaluate the incident out of which this lawsuit arose and to satisfy itself that the alleged personal injuries, if any, were not caused by the vaccine. Any administrative investigation of the death would surely proceed no further than the same determination that the alleged personal injuries were not caused by the vaccine. Thus, the decedent's claim, although it does not mention the death, fulfills the purposes of 28 U.S.C. § 2675(a) of avoiding court congestion and unnecessary litigation and informing the appropriate government agency of the circumstances so that it may investigate the claim, evaluate its merits, and respond by settlement or preparation of a defense. *See Rise v. United States*, 630 F.2d 1068 (5th Cir. 1980) (purposes); *Speer v. United States*, 512 F.Supp. 670 (N.D.Tex. 1981) (purposes fulfilled).

 The defendant contends that a separate or second administrative claim is required because "a wrongful death action is an action separate and apart from a negligence action or a survival action." United States' Opposition to Plaintiff's Motion to Amend the Complaint at 4 (June 4, 1982). The right to bring a wrongful death action is purely statutory in North Carolina. N.C. Gen.Stat. § 28A–18–2. The statute controls the measure of damages.[1] However,

1. The defendant admits as much in its responsive brief. United States' Opposition to Plaintiff's Motion to Amend the Complaint at 4 n.2 (June 4, 1982).

apart from the measure of damages, recovery for wrongful death in North Carolina depends upon the same proof of actionable negligence or misconduct under the general rules of tort liability which would apply to an action strictly for personal injury. The wrongful death action exists if and only if the decedent could have maintained an action for negligence or some other misconduct if she had survived. *Raftery v. Wm. C. Vick Construction Co.*, 291 N.C. 180, 230 S.E.2d 405 (1976); *Mann v. Henderson*, 261 N.C. 338, 134 S.E.2d 626 (1964). Hence, although a wrongful death action may be a distinct cause of action from one for negligent infliction of personal injury, the theory or theories of liability and the operative facts from which liability arises are not different. The amendment will, in essence, merely conform the pleadings to the state of the facts plaintiff will present at trial, and thus should be freely allowed. Fed.R. Civ.P. 15(b).

Here, the government agency became aware by virtue of the decedent's administrative claim of the plaintiff's theories of liability and of the facts upon which she asserted liability.[2] If the vaccine did cause the decedent's personal injuries as alleged which in turn contributed to her death, then the death may well be an intervening fact affecting the amount of the claim in favor of the plaintiff. *Kielwien v. United States*, 540 F.2d 676; *Gallimore v. United States*, 530 F.Supp. 136 (E.D.Pa.1982); 28 U.S.C. § 2675(b). The death is not the operative fact upon which liability rests. The "claim" required by section 2675(a) is not the equivalent of a "legal cause of action" which the plaintiff's attorney may articulate at trial. *Mellor v. United States*, 484 F.Supp. 641 (D.Utah 1978). Decedent's "claim" acquainted defendant with the incident out of which the present lawsuit evolved. Requiring the plaintiff to file a second and nearly identical claim with the Public Health Service runs contrary to the purposes of section 2675(a) and disregards the substance of this case and the function of section 2675(b).

IT IS, THEREFORE, ORDERED that plaintiff's motion to amend is GRANTED.

---

**2.** The defendant has not contended that the claim filed by the decedent is deficient as a "claim" for purposes of 28 U.S.C. § 2675(a).

In the Complaint (May 22, 1980) plaintiff asserted liability based on negligence, breach of warranty, and strict liability.