**PRODUCTION CREDIT ASSOCIATION OF KALAMAZOO, Plaintiff,**

v.

**The UNITED STATES, Farmer's Home Administration of the United States Department of Agriculture, John R. Block, Secretary of Department of Agriculture, Defendants.**

No. K85–316.

United States District Court,
W.D. Michigan, S.D.

Oct. 22, 1986.

Edith A. Landman, Asst. U.S. Atty., Grand Rapids, Mich., for plaintiff.

Deming, Hughey, Lewis, Keiser, Allen & Chapman by Anne M. Fries, Kalamazoo, Mich., for defendants.

## OPINION

ENSLEN, District Judge.

Plaintiff Production Credit Association of Kalamazoo (PCA) is a federally chartered corporation organized and existing under the Farm Credit Act of 1971. Plaintiff asserts that this Court has jurisdiction pursuant to the Federal Tort Claims Act (Act), 28 U.S.C. § 2671, *et seq.* and 28 U.S.C. § 1346(b). PCA alleges that the Farmers Home Administration (FmHA) was negligent in carrying out its statutory duties concerning the administering of an economic emergency loan contract of guarantee between PCA and FmHA for a loan made to Stanley Wojewnik, Jr. by PCA.

Mr. Wojewnik apparently defaulted on the PCA loan and subsequently filed bankruptcy. On April 5, 1984, PCA tried to recover its losses from FmHA based on PCA's alleged contract of guarantee. PCA alleges that it presented its administrative claim in person to the FmHA in Lansing, Michigan. PCA asserts that it supported its claim with numerous documents, including a loan summary setting forth the loan history and proposed liquidation plan.

On May 1, 1984, the State Director of FmHA reviewed the FmHA county office file and determined that no such contract of guarantee existed. *See Letter of May 1, 1984 from Calvin C. Lutz to Steve May, Exhibit A attached to Plaintiff's Memorandum of Law in Support of Answer to Motion to Dismiss.* On June 22, 1984, PCA, through counsel, appealed the FmHA's decision to the United States Department of Agriculture (U.S.D.A.). On October 5, 1984, PCA supplied supplemental documentation at FmHA's request. *See Aff. Anne M. Fries, Exhibit B attached to Plaintiff's Memorandum of Law in Support of Answer to Motion to Dismiss.* On January 14, 1985 the United States Department of Agriculture affirmed the State Director's decision.

On July 5, 1986, PCA filed an action in this Court based upon defendants' alleged breach of statutory duties. PCA alleges that the defendants, their employees, agent and/or representatives are negligent *per se* because of the violation of federal law. PCA also alleges that to the extent that the economic emergency loan contract of guarantee does not exit, it is as a result of the negligence of the defendants.

PCA seeks monetary damages in the amount of $332,047.04, plus interest which is 90 percent of the $368,941.15 deficiency due and owing to PCA from Stanley Wojewnik, Jr. (Ninety percent of the deficiency was the amount to be covered by the contract of guarantee.)

On July 5, 1985, PCA filed the present action "against all defendants" under the Act in this Court. On the same day PCA also filed suit in the United States Court of Claims. The Court of Claims complaint

consists of three counts of express contract, implied contract, and promissory estoppel. On September 10, 1985, Judge Merow of the United States Claims Court issued an order dismissing without prejudice plaintiff's complaint against the United States pending a determination of plaintiff's monetary claim pending in this Court. Plaintiff then amended its complaint in this Court to include the contract counts alleged in the United States Claims Court action.

Following the stipulation and order of October 7, 1985 these contract counts, that is, Counts II, III, and IV, of plaintiff's first amended complaint, were held in abeyance pending the disposition of Count I, the present tort cause of action, of plaintiff's first amended complaint. It was also agreed to by the parties and ordered by this Court that after the resolution of count I of plaintiff's first amended complaint, Counts II, III, and IV, would be transferred pursuant to 28 U.S.C. § 1631 to the United States Claims Court.

The action is presently before the Court on defendant United States' motion to dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure on grounds of lack of subject matter jurisdiction.

### Discussion

The Act permits suits against the government for certain torts committed by government employees acting within the scope of their employment. 28 U.S.C. § 1346(b). However, before a party can bring suit in federal court, the Act requires that the claim be presented to the appropriate federal agency and there be a final denial of that claim. 28 U.S.C. § 2675(a).

The Sixth Circuit has noted that the requirements of § 2675 are met "if the claimant (1) gives the agency written notice of his or her claim sufficient to enable the agency to investigate and (2) places a value on his or her claim." *Douglas v. United States*, 658 F.2d 445, 447 (6th Cir.1981) (citations omitted).

Plaintiff alleges that it has satisfied the statutory prerequisite in that it "received a final determination from the United States Department of Agriculture ("U.S.D.A.") in which the decision of the State Director was affirmed, and it was determined that no valid contract of guarantee was in place." Complaint, paragraph 14. Plaintiff notes that "at both the state level and the administrative appeal level, FmHA was notified that PCA intended to make a claim on the guarantee and/or a claim based upon the events surrounding the issuance or non-issuance of the guarantee." *Plaintiff's Memorandum of Law in Support of Answer to Motion to Dismiss* at 5. Plaintiff also asserts that it set forth the regulations which recited the duty of the County Supervisor to provide assistance to the lender and that those duties formed the basis of this lawsuit. Finally, plaintiff notes that documentation it supplied to the FmHA provided information as to the county supervisor responsible for implementing the regulation, the amount of Mr. Wojewnik's outstanding loan balance, and the maximum amount (90%) of FmHA's liability as to the loan guarantee. *Id.* at 5–6.

Defendant argues that plaintiff failed to allege any negligence or fault and that the agency did not review the claim with the same degree of scrutiny to which it gives an administrative claim filed under the Act.

Defendant argues that the administrative decision that plaintiff appealed to the U.S.D.A. was the State Director's decision that there was no contract of guaranty between PCA and FmHA concerning Mr. Wojewnik's loan. Defendants' position is that this unsuccessful appeal does not satisfy the exhaustion of administrative remedies requirement which is the jurisdictional prerequisite to filing suit under the Act.

In essence, plaintiff argues that it has substantially complied with the stated purpose of Section 2675(a). Plaintiff asserts that its present claim is based upon the same operative facts of its administrative claim, and to require plaintiff to file a second claim would be to allow the government to stand on technicalities and to elevate form over substance. Plaintiff also suggests that the Court should consider

equitable factors in determining the jurisdictional prerequisites have been met. *See Forest v. United States*, 539 F.Supp. 171 (D.Mont.1982).

Other courts, however, have noted that "[t]he reported decisions which have addressed the question of when an irregular filing constitutes compliance with section 2675(a) are not entirely consistent with one another. One consideration which helps explain some, but not all the results reached, is the extent to which the irregularity involved implicates the declared purpose of section 2675(a), that of easing court congestion by ensuring full agency review of claims with an eye towards their early administrative settlement. *See 1966 U.S. Code Cong. & Admin.News*, pp. 2515–17." *Gordon H. Ball, Inc. v. United States*, 461 F.Supp. 311, 314 (D.C.NV.1978). *But see Rogers v. United States*, 675 F.2d 123 (6th Cir.1982) (holding that there is *no equitable exception* to the jurisdictional prerequisites of the Federal Tort Claims Act in the Sixth Circuit) (emphasis added).

The case at bar presents a close question and requires that plaintiff's factual assertions be explored in greater detail. It is clear that the State Director's decision indicated that the review of the county file was focused on the issue of whether a contract guarantee existed. In a letter addressed to Mr. Steve May of the PCA, Mr. Lutz noted the following:

> Our review of the file finds no evidence that you requested the contract be issued nor does it contain the necessary certifications that the loan was properly closed. It is therefore our position that no guarantee exists....
>
> If you desire a review of this decision you may send your request to Administrator, Farmers Home Administration, United States Department of Agriculture....

*See Letter of May 1, 1984 from Calvin C. Lutz to Steve May, Exhibit A attached to Plaintiff's Memorandum of Law in Support of Answer to Motion to Dismiss.* The appeal of Mr. Lutz's decision was brought by PCA through legal counsel, and it is the rejection of that appeal which plaintiff alleges constitutes a final administrative decision which in turn satisfies the jurisdictional prerequisite to bringing suit under the Act.

It is true that the letter from Anne Fries, counsel for PCA, to the U.S.D.A. requesting a review of the decision of Calvin C. Lutz, State Director of the Farmer's Home Administration, contained language which indicated certain duties which the Farmer's Home Administration or its representatives have towards lenders concerning the completion of Farmer's Home Administration Forms. For example the letter indicated that:

> [I]t was incumbent upon the FmHA County Supervisory, and also mandated by the regulations, to assure that the Lender was provided all the assistance, documentation and guidance in the preparation and completion of the contract of guarantee issuance. It is clear that the County Supervisor authorized the issuance of the contract of guarantee. Therefore, any failure to supply the final documentation was due to the inexperience of the Lender and the violation of the federal regulations by Farmer's Home Administration.
>
> Both parties have ... treated the situation as if a contract of guarantee has been issued.... Farmer's Home Administration has the statutory duty ... to have notified PCA in the event that there were reasons to prevent the issuance of the contract of guarantee.
>
> Farmer's Home Administration cannot now claim that no guarantee is in place, after acting contrary to that position and allowing the Lender to act in reliance upon the guarantee. Farmer's Home Administration is estopped to claim that no guarantee exists, especially for the reason that there was a failure on the part of Farmer's Home Administration representatives to notify PCA of additional documentation required.
>
> In light of the foregoing ... PCA ... requests that the decision of Calvin C. Lutz be reviewed and reversed, and that

it determine that there is a Farmer's Home Administration effective guarantee on the Stanley Wojewnik loan.

*See Letter of April 22, 1984, from Anne Fries to U.S.D.A., Exhibit A attached to Plaintiff's Memorandum of Law in Support of Answer to Motion to Dismiss.*

Plaintiff suggests that it is not attempting to evade the Act's requirements, but rather it is the government that is attempting to evade suit by relying on technicalities. It is clear to the Court that the focus of the above letter is that a contract guarantee exists, or in the alternative, that because the government has not followed the regulations it should be estopped from denying that a contract guarantee exists.

It seems also clear that issues of proximate cause and foreseeable consequences would have been explored in any settlement negotiations had the claim and appeal sounded in tort. Plaintiff responds that those or any other settlement discussions did not take place because the government was disclaiming any liability. It seems apparent to the Court that the government was not apprised at the outset of the tort claim, but rather that the plaintiff requested a review of the decision that no contract guarantee existed.

This is not a case where there is mere semantic squabbling between what is a "claim" and what is a "legal cause of action" as was the case in *Nelson v. United States*, 541 F.Supp. 816 (D.N.C.1982). In *Nelson,* plaintiff clearly alleged *personal injuries* resulting from a swine flu innoculation. When the plaintiff subsequently died, the defendant United States argued that the court lacked jurisdiction to entertain an amended wrongful death claim because the plaintiff had never presented a wrongful death claim before the administrative agency. The court rejected the government's contention noting that the government agency had become aware "by virtue of the decedent's administrative claim of the plaintiff's *theories of liability* and of the facts upon which she asserted liability." *Id.* at 818 (emphasis added). Plaintiff had asserted liability based on

negligence, breach of warranty, and strict liability. Under those facts, the court indicated that requiring plaintiff to file a second and nearly identical claim would run contrary to the purposes of section 2675(a) and the function of 2675(b).

Here it seems that even on what plaintiff apparently characterizes as the "final appeal" level, the U.S.D.A. reviewed and evaluated plaintiff's claim that a contract guarantee existed. It is not enough that plaintiff's tort claim may be based upon the same documentary information as the contract claim. I believe that to satisfy the jurisdictional prerequisites of the Act, plaintiff must do more than merely allege that the government had actual or constructive notice of a potential claim.

Plaintiff, of course, argues that although its appeal did not include any specific allegation regarding negligence or fault, it did set forth the duties of FmHA regarding the issuance of guarantees. But plaintiff's appeal letter indicates that its focus was on the existence of the contract of guarantee. I think the observations of *Green v. United States*, 385 F.Supp. 641 (S.D.Cal.1974) are applicable here.

[I]nherent in plaintiff's argument is a suggestion that if the United States has received some sort of constructive or actual notice of a potential claim it has an affirmative duty to go out and solicit an administrative claim to ensure that the jurisdictional prerequisite to suit by the claimant is properly laid, Such a proposition is not only [foreign] to the concept of adversary, administrative jurisprudence, but is also unsupported as a matter of law.

385 F.Supp at 644.

It is true that the purpose of the Act's mandatory administrative claims procedure is not to make it more difficult to recover from the government, but is equally true that it is not the purpose of the procedure to make it easier to sue the government by evading settlement procedures. It is true that some courts have suggested that if the government's investigation of a claim should have revealed theories of liability

other than those specifically enumerated therein, those theories can properly be considered part of the claim. *Rise v. United States,* 630 F.2d 1068, 1073 (5th Cir.1980) (holding the Army was on constructive notice concerning a [negligence] claim for breach of a continuing duty to supervise a patient referred to a civilian hospital). But in this Circuit the jurisdictional prerequisites have been strictly construed. "There is no equitable exception to the jurisdictional prerequisites of the Federal Tort Claims Act in this Circuit and we decline to create one." *Rogers v. United States,* 675 F.2d 123 (6th Cir.1982).

If the government has not fully reviewed plaintiff's claim from the perspective of a negligence action, the very purpose of the filing of an administrative claim is defeated. The purpose of filing an administrative complaint before filing a civil suit is to bring "to the government's attention facts sufficient to enable it thoroughly to investigate its potential liability and to conduct settlement negotiations with the claimant." *Rise,* 630 F.2d at 1071.

The position of the agency in denying the PCA's claim was that there is no contract of guarantee in effect. PCA's letter of June 22, 1984, to the U.S.D.A. clearly indicates that the focus of its allegations of non-compliance with administrative regulations was that of establishing its contract claims, primarily that of estoppel. But there is another reason why the court believes the agency did not fully investigate and evaluate its potential liability based on a negligence claim.

A claim is required to give the agency written notice of its claim to enable the agency to investigate, but a claimant is also required to place a value on his or her claim. They very purpose of the administrative claim requirement is to provide the agency with a figure upon which to base its settlement strategy. See S.Rep. No. 1327, 89th Cong., 2d Sess., reprinted in 1966 U.S. Code & Ad.News 2515, 2517.

Defendant argues that "no written notification of a claim for money damages in a sum certain has been received by the Department of Agriculture arising out of the circumstances set forth in the complaint." See Defendants' Motion to Dismiss at 3.

Plaintiff argues that it has fulfilled the sum certain requirement because the FmHA was fully apprised of the amount PCA was *potentially* claiming pursuant to the guarantee (emphasis added). Here it is clear that plaintiff's claim was merely that the contract guarantee was in place. There is no mention of a specific amount for damages or personal injuries as would appear on a SF 95 form. Plaintiff attempts to avoid this problem by stating that the PCA's administrative "claim" set the upper limits of the ad damnum clause.

It is true that the SF 95 is not the only means for presenting a claim against the government, and courts have, at times, liberally construed the requirement of filing a SF 95 as long as the claimant submits a claim with a specific amount in damages. Still, under these facts I do not believe that because FmHA's maximum liability on the loan guarantee was 90% of the deficiency owed by Wojewnik, that that figure constituted a claim for a sum certain for a tort claim within the meaning of the Act.

As I stated in *Maxson v. U.S. Postal Service,* 586 F.Supp. 80 (W.D.Mich.1984), "[i]n this Circuit, it is clear that the claimant's failure to claim a specific amount for personal injuries on an SF 95 will preclude a later suit in federal district court for lack of jurisdiction. *Allen v. United States,* 517 F.2d 1328 (6th Cir.1975)." In this case, I believe *Allen* is controlling. Plaintiff's request that the decision of Calvin C. Lutz be reviewed, and that the U.S.D.A. determine that there is a FmHA effective guarantee on the Stanley Wojewnik loan was not a presentation of a claim for a sum certain as required by § 2675(a). Accordingly, defendants' motion to dismiss is granted. An order will also be issued transferring Counts II, III, and IV of plaintiff's complaint to the United States Court of Claims pursuant to 28 U.S.C. § 1631.