Richard B. Conely, Sr., Asst. U.S. Atty., Civ. Div., E.D.N.C., Raleigh, N.C., for defendant.

**George Paul LAROQUE, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 89–279–CIV–5–F.**

United States District Court,
E.D. North Carolina,
Raleigh Division.

Nov. 8, 1989.

## ORDER

JAMES C. FOX, District Judge.

This matter is before the court upon defendants' motion for summary judgment. Plaintiff has responded thereto, and the matter is ripe for disposition. The undisputed facts are as follows.

This federal tort claim action was commenced on April 14, 1989. Plaintiff seeks damages for injuries allegedly sustained by him on or about December 19, 1986, while he was a prisoner at the Federal Correctional Institute in Butner, North Carolina (hereinafter "FCI, Butner"). Basically, he alleges a negligent failure of prison employees to warn plaintiff of the wet condition of a floor, causing plaintiff to fall and injure his right shoulder. The history of plaintiff's claim is as follows.

Plaintiff submitted an administrative claim to the Regional Counsel of the Southeast Region, Federal Prison System, on or about January 6, 1987. During the pendency of said claim, and within 6 months of the filing of said claim, to-wit, on May 26, 1987, plaintiff filed a civil action in the United States District Court, Northern District of Georgia, Atlanta Division. Said action was captioned *George Paul LaRoque v. U.S. Bureau of Prisons, Southeast Regional Office, Wallace H. Cheney (Regional*

Counsel), et al., Case Number C87–1071A. The case subsequently was renumbered 1:87–1071(RCF). Shortly thereafter, to-wit, on June 1, 1987, Wallace H. Cheney denied plaintiff's administrative claim by certified mail.

By Order dated June 7, 1987, the Northern District of Georgia civil action was dismissed without prejudice by the court for lack of proper venue. Following plaintiff's motion for reconsideration and change of venue, and motions to amend, the district court granted the venue motion and transferred the case to the Eastern District of North Carolina; no amendment of the pleadings was allowed at that time. The Clerk for the Eastern District of North Carolina gave the transferred file the Case Number 88–167–CRT, and civil summons was issued on March 1, 1988. On April 8, 1988, plaintiff filed a motion for voluntary dismissal and, by Order of Judge John D. Larkins, Jr., dated April 14, 1988, the motion was granted pursuant to Rule 41(a)(2), Federal Rules of Civil Procedure. Plaintiff appealed the order granting his motion to the Fourth Circuit Court. In an Unpublished Opinion, decided October 7, 1988, the circuit court found the voluntary dismissal to have been without prejudice and hence not appealable. The appeal was therefore dismissed.

On April 14, 1989, plaintiff instituted the instant action asserting the same claim, this time (and for the first time) against the United States of America.

## DISCUSSION

28 U.S.C. § 2675(a) provides:

(a) An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency *and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.* The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.... (Emphasis added.)

Plaintiff's administrative claim was filed on or about January 6, 1987, and the Northern District of Georgia civil action followed on or about May 26, 1987. Hence the filing of plaintiff's Georgia civil action was not authorized by 28 U.S.C. § 2675(a). Said action was premature, having been filed prior to express denial of the claim and also prior to the expiration of the 6–month period following its filing. The statute requires that a federal tort claimant file an administrative claim with the appropriate federal agency prior to commencing a suit against the United States, and, further, that the agency be given a 6–month period in which to adjudicate the claim.

The United States, as sovereign, is immune from suit unless it has consented to be sued, *United States v. Sherwood*, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058 (1941), and the United States may define the terms and conditions upon which it may be sued. *Honda v. Clark*, 386 U.S. 484, 501, 87 S.Ct. 1188, 18 L.Ed.2d 244 (1967); *Soriano v. United States*, 352 U.S. 270, 77 S.Ct. 269, 1 L.Ed.2d 306 (1957). The provisions of 28 U.S.C. § 2675(a) create a jurisdictional prerequisite to filing an action pursuant to the Federal Tort Claims Act (hereinafter "FTCA"). *Kielwien v. United States*, 540 F.2d 676 (4th Cir.), *cert. denied*, 429 U.S. 979, 97 S.Ct. 491, 50 L.Ed.2d 588 (1976).

As stated in *Nelson v. United States*, 541 F.Supp. 816 (M.D.N.C.1982), although "the FTCA serves as a waiver of sovereign immunity, it is a conditional waiver." Furthermore, as a waiver of sovereign immunity, the FTCA is strictly interpreted and applied. *Wood v. Standard Products Co., Inc.*, 671 F.2d 825 (4th Cir.1982). One condition to the waiver of sovereignty is that no lawsuit may be instituted under the FTCA unless a plaintiff's administrative claim "shall have been finally denied by the agency in writing and sent by certified or

registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial...." 28 U.S.C.A. § 2675(a). *See also Fuller v. Daniel*, 438 F.Supp. 928 (N.D.Ala.1977) ("where a court lacks jurisdiction it cannot retain jurisdiction").

Because plaintiff's first civil action was not timely brought as presented by 28 U.S. C.A. § 2675(a), considering the above authorities as they apply to this case, it did not result in waiver of the Government's immunity from civil action under the FTCA. That court's dismissal should have been for lack of subject matter jurisdiction rather than for improper venue.[1] Furthermore, it lacked jurisdiction to consider plaintiff's motion to reconsider and for change of venue and lacked jurisdiction to order the matter transferred to the Eastern District of North Carolina. By virtue of the fact that the case transferred to the Eastern District of North Carolina was one over which the transferring court had no jurisdiction, the former, as the receiving court, lacked subject matter jurisdiction and had no power to entertain plaintiff's motion for a voluntary dismissal under Rule 41(a)(2), Federal Rules of Civil Procedure. Plaintiff's original civil action, in effect, was a nullity.

Turning to the instant civil action, the court first notes that the plaintiff's administrative claim was properly and finally denied by certified mail by letter dated June 1, 1987, for which plaintiff personally signed a receipt on June 9, 1987. To comply with 28 U.S.C.A. § 2675(a), plaintiff was obligated to institute his civil action by asserting such claim before December 8, 1987, (i.e. 6 months after the date of mailing, by certified mail, of notice of the final denial of his claim). His failure to do so precludes the instant civil action against the United States.

Section 2401(b) of the FTCA, Title 28, United States Code, provides as follows:

A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after the claim accrues or unless action is begun within 6 months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

"Section 2401(b) establishes two jurisdictional hurdles, both of which must be met." *Dyniewicz v. United States*, 742 F.2d 484, 485 (9th Cir.1984). "A claim must be filed with the agency within two years of the claim's accrual, and the claimant must file suit within six months of administrative denial of the claim. If either requirement is not met, suit will be time barred." *Id.*

As explained by the United States Court of Appeals for the District of Columbia in *Schuler v. United States*, 628 F.2d 199, 201 (D.C.Cir.1980):

[C]ommon sense and the legislative history tell us that ... [section 2401(b) ] requires the claimant *both* to file the claim with the agency within two years after accrual of the claim and then to file a complaint in the District Court within six months after the agency denies the claim.

The statute of limitations [section 2401(b) ] is a condition of the waiver of sovereign immunity of the United States and a statute of repose. *See Mortensen v. United States*, 509 F.Supp. 23 (S.D.N.Y. 1980). Therefore, plaintiff's instant action, filed on April 14, 1989, is barred. 28 U.S. C.A. § 2401(b).

Plaintiff argues that considering plaintiff's original pro se status, the filing of plaintiff's initial civil action in Georgia demonstrates an intent to comply with the FTCA, which should constitute an equitable predicate for this court to toll the statute of limitations as to the instant litigation. The contention must be rejected. The court's equitable powers do not permit it to confer upon itself jurisdiction contrary to that proscribed by Congress. Simply put,

---

**1.** The original suit was also subject to dismissal for failure to name the only proper defendant, i.e. the United States. *See* 28 U.S.C. § 1346(b),

*Clark v. United States,* 481 F.Supp. 1086 (S.D.N. Y.1979).

compliance with the FTCA statute of limitations is a jurisdictional predicate which cannot be tolled. To hold otherwise would be to permit this court unconstitutionally to confer jurisdiction upon itself. *See United States v. Sams*, 521 F.2d 421 (3rd Cir.1975).

For the foregoing reasons, defendant's motion for summary judgment is ALLOWED.

SO ORDERED.